## COLBERT v. FOSTER.
### (HOLLEY & MEANS, Movants, v. FOSTER.)

No. 14073—Opinion Filed Sept. 16, 1924.

Rehearing Denied Nov. 25, 1924.

**1. Appeal and Error—Harmless Error—Exclusion of Evidence.**

If, after an examination of the entire record, it does not appear that the error complained of, being based upon the improper rejection of evidence, has probably resulted in a miscarriage of justice, or if it appears that such rejection does not constitute a violation of any constitutional or statutory right, said cause will not be reversed for such error.

**2. Attorney and Client—Attorney's Fee and Lien—Liability of Adverse Party Effecting Compromise with Client.**

Under the provisions of sections 4100 to 4103, inclusive, of Comp. Stat. of 1921, the defendant is not liable to the plaintiff's attorney for an attorney's fee or for any lien securing such fee unless such defendant is the party who perpetrates a compromise or settlement of the plaintiff's cause of action or is instrumental in doing so without notifying the attorney of such settlement.

**3. Same — Compromise Effected by Third Party.**

In an action to recover real estate brought by a party against a defendant in possession, the giving of a notice by the defendant

to his warrantor to appear and defend the action brought against him, pursuant to the provision of section 5263, Comp. Stat. 1921, does not, as a matter of law, constitute such warrantor an agent of the defendant so as to make such defendant liable to plaintiff's attorney for the conduct of such warrantor in procuring a dismissal of plaintiff's cause of action without the attorney's consent, where the defendant had no part in the dismissal.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Haskell County; E. F. Lester, Judge.

Proceeding by Holley & Means against J. C. Foster (in action between Jasper Colbert and J. C. Foster) to recover an attorney's fee. Judgment for Foster, and Holley & Means appealed. Affirmed.

G. A. Holley and E. D. Means, for plaintiffs in error.

E. O. Clark and Fred H. Fannin, for defendant in error.

Opinion by FOSTER, C. This is an appeal to reverse a judgment of the district court of Haskell county, denying a motion of the plaintiffs in error for an attorney's fee against the defendant in error.

The plaintiffs in error, as attorneys for Jasper Colbert, had instituted an action in the district court of Haskell county to recover for their client a fractional interest in a tract of land located in said county, under a written contract with their client whereby they were to receive as compensation for their services the full one-half interest in and to all land and money recovered for him in said action.

After the suit had been prepared and filed and after service of summons had been made on the defendant in error and after said defendant in error had filed his answer and had caused notice to be served on Henry F. Cooper and Dan Perry, grantors and warrantors in the deed through which he claimed title to appear and defend their warranty, Jasper Colbert dismissed his cause of action and quitclaimed all interest in the land sought to be recovered, without any notice to the plaintiffs in error.

Thereafter, upon discovery of the filing by their client of the dismissal referred to, the plaintiffs in error after securing an order reopening the cause so as to permit them to assert their claim to an attorney's fee, filed their motion against the said defendant in error for an undivided one-thirty-sixth interest in the land in controversy, for the further sum of $133.33, as their share in the rents and profits sought to be recovered in the original action, and for judgment declaring said sum a lien upon the interest of the defendant in error in said land.

The contract with Jasper Colbert was attached to and made a part of the motion, and it was further alleged that although plaintiffs in error had caused the words "lien claimed" to be indorsed upon the petition filed in the case, the defendant in error, after appearing and filing his answer and after causing notice to be served upon his warrantors to appear and defend their warranty, settled and compromised said suit without their knowledge or consent. A protest to the motion was filed by the defendant in error, denying generally every allegation therein, and specifically denying that he had compromised and settled said action with Jasper Colbert, or that he authorized anyone else to do so for him, or paid or agreed to pay any sum whatever to Jasper Colbert for dismissing said action, or that he had any knowledge of any purpose on the part of Jasper Colbert to dismiss the said action.

Upon a trial to the court, judgment was rendered denying the motion of plaintiffs in error for judgment against the defendant in error, and plaintiffs in error have appealed, assigning several errors.

The finding and judgment of the trial court to the effect that the original suit brought by Jasper Colbert was dismissed by him without connivance, agreement or knowledge of the defendant in error is supported by the great weight of the evidence, and unless it can be said that the action of the trial court in excluding the ex parte affidavit of Jasper Colbert offered by the plaintiffs in error was error, the testimony was practically unanimous in support of the finding and judgment referred to.

In the affidavit mentioned the said Jasper Colbert stated that he received $50 for making and executing the settlement and dismissal of his cause of action, and that he signed a deed to the defendant in error because he was told that Dan Perry and Henry Cooper would lose $2,500 if he did not do so, and that E. O. Clark, the attorney of record for the defendant in error, drew the dismissal, and that the defendant in error and his warrantors, Henry F. Cooper and Dan Perry, were present at the time the same was executed.

It is contended by the plaintiffs in error that under the provisions of section 610, Comp. Stat. 1921, the exclusion of this affi-

davit was error; it is contended·that the trial in the court below, occurring upon a mere motion·as distinguished from an independent action, the affidavit was admissible, and that it was error to exclude it. However this may be, and whether it was or was not error to exclude the affidavit in question, it is clear to this court upon a careful examination of the entire record that the admission in evidence of the affidavit could not have caused the trial court to reach any different conclusion and the exclusion of such affidavit, if error it was, would therefore be harmless, and under section 2822, Comp. Stat. 1921, would not justify a reversal.

The excluded affidavit is in direct conflict with the statement of Jasper Colbert contained in the dismissal of his cause of action filed in the case in which, among other things, he stated:

"I take this action upon my own suggestion and without influence, direction or tutelage of any person."

And with the affidavit admitted as legal evidence, the finding of the trial court would still be reasonably supported by the evidence in the case.

It is next contended that the trial court erred, as a matter of law, in not finding that the defendant in error was bound by the acts of his warrantors whom he had notified to appear and defend their warranty to him, and in not finding that the notice given to them constituted such warrantors his agents. This contention is without merit.

If the trial court was correct in finding that the defendant in error was not responsible for the dismissal of said cause by any act of his own, the giving by defendant in error of a notice required by the statute law of this state to a warrantor to defend the action brought against him in order to save his rights as against such warrantor, in the event an adverse decision should be rendered against him, could not make such warrantors his agents upon any principle of the law of agency.

It would be unreasonable to say that one required under the statute to give notice to his warrantor or lose certain rights against him should be bound by wrong doing in which he had no part. Nor do we think that the defendant in error ratified the acts of his warrantors in affecting a settlement of the action, by failing to disavow their conduct.

If the defendant in error was innocent of any wrongdoing, there was nothing on his part to disavow and the action of the defendant in error in resisting the motion of the plaintiffs in error to establish a judgment against him could not amount to a ratification which would make him liable.

It is finally contended by the plaintiffs in error, that having perfected their attorney's lien under the provisions of sections 4100 to 4103, inclusive, Comp. Stat. 1921, the voluntary dismissal of the suit by the plaintiff without their knowledge or consent, although the defendant in error may not have been a party to this dismissal, could not affect such lien, and the lien is enforceable against property in the hands of the defendant in error.

The statute invoked has received an interpretation by our court, however, adverse to the contention of the plaintiffs in error.

Liability is dependent upon a settlement or compromise with the plaintiff and is personal to the party effecting the settlement, See Chowning v. Ledbetter, 86 Okla. 269, 208 Pac. 829.

The case of Fry v. Wolfe, decided Jan. 15, 1924, pending on rehearing, 26 Oklahoma Appellate Court Reporter 406, cited and relied upon by plaintiffs in error in their brief, has no application to the facts in the instant case.

In the Fry Case there was no dismissal, but the cause proceeded to final judgment recovering the land and the attorney's lien was upheld as against the land in hand of a person purchasing from the client, who had adopted the clients contract with his attorney and who had suffered the action to proceed to final judgment without seeking in any lawful way to get control of the litigation, and liability was rightfully imposed upon the purchaser from the client although he had not been the adverse party to the litigation.

Upon a careful examination of the entire record we are of the opinion that the judgment of the trial court is correct, and should be and is hereby affirmed.

By the Court: It is so ordered.