[Sac. No. 4803. In Bank.—February 28, 1934.]

C. A. STOTTS, Respondent, v. CHARLES W. BLICKLE, Appellant.

Butler, Van Dyke, Desmond & Harris, Gerald Desmond and Irving D. Gibson for Appellant.

C. C. McDonald for Respondent.

Cooley, Crowley & Supple, W. I. Gilbert, Redman, Alexander & Bacon, Donahue, Hynes & Hamlin, Bronson, Bronson & Slaven, Neumiller & Ditz, Myrick & Deering and Scott, Hadsell, Sweet, Ingalls & Lamb, Brown, Ledwich & Rosson and Crosby & Crosby, as *Amici Curiae* on Behalf of Appellant.

Sullivan, Roche, Johnson & Barry and Jesse W. Carter, as *Amici Curiae* on Behalf of Respondent.

LANGDON, J.—This is an action by the father of a minor to recover for the wrongful death of said minor. The deceased, a child nine years of age, was a guest in an automobile driven by defendant, his uncle. The accident occurred on May 17, 1931. At that time section 141¾ of the California Vehicle Act provided that an action based upon injuries or death of a guest in a motor vehicle could be maintained upon a showing of "intoxication, wilful misconduct or gross negligence" of the operator. Plaintiff

alleged gross negligence and presented evidence in support of the allegation, which resulted in a verdict in his favor.

The evidence shows that on the morning of the accident, defendant drove from Woodland to Sacramento, observing that the car did not steer properly. On the way back to Woodland, in the afternoon, he felt drowsy and tired, as a result of lack of sleep the previous night. The car was still behaving erratically, one wheel occasionally leaving the paved portion of the highway. At about 5 P. M. he was driving along a clear highway, about thirty miles per hour, when suddenly the car left the pavement and for about one hundred and fifty feet was off the road, until it struck a power pole located about seven and one-half feet from the edge of the highway. Defendant did not apply the brakes, and made no attempt to turn the car back to the road. The deceased's mother, sitting in the back, called to him twice. He apparently did not hear the first call, but at the second he swerved the car and struck the pole a glancing blow which threw the deceased out of the car and killed him. Defendant's declarations and testimony, together with the foregoing circumstances, established by several witnesses, justified the inference that he dozed off at the time of the accident. This, coupled with his failure to repair the car at Sacramento, makes out a sufficient case of "failure to exercise slight care", or gross negligence. A very similar case is *Malone* v. *Clemow,* 111 Cal. App. 13 [295 Pac. 70]. See, also, *Kastel* v. *Stieber,* 215 Cal. 37 [8 Pac. (2d) 474].

Defendant urges, however, that plaintiff's cause of action for gross negligence has been abated by the amendment of the statute in 1931, subsequent to the accident, which eliminated the words "gross negligence" and restricted recovery to cases of intoxication or wilful misconduct. The theory is that a cause of action dependent upon statute, such as an action for wrongful death, abates upon the repeal of the statute without a saving clause; and that the action for wrongful death is governed by this rule.

This theory, and its application to the "guest law", received full consideration by this court in the case of *Krause* v. *Rarity,* 210 Cal. 646 [293 Pac. 62, 77 A. L. R. 1327], and the principles therein discussed are determina-

tive of the instant case. We there dealt with the original guest law, as enacted in 1929, which took away the right to recover for ordinary negligence, and permitted recovery only for gross negligence, intoxication or wilful misconduct. This court held that the statute could not be retroactively applied to defeat a cause of action for ordinary negligence which accrued before its enactment. It was pointed out that the right of action for wrongful death remained, but required different evidence to maintain it. "In other words, there has not been a moment of time since the enactment of section 377 to the present time when an action would not lie on behalf of the heirs on account of the death of the guest. The only change brought about by the new law was in the nature and character of the proof required in each case. There was no abolishment of the right or cause of action, but only a change in the proof required, not to maintain the action, but to permit a recovery." (*Krause* v. *Rarity,* 210 Cal. 646, 654 [293 Pac. 62, 66, 77 A. L. R. 1327].) See, also, *Callet* v. *Alioto,* 210 Cal. 65 [290 Pac. 438].

This language is clearly applicable to the situation presented by the 1931 amendment. It may well be that "wilful misconduct" differs more radically from "gross negligence" than "gross negligence" differs from "ordinary negligence." Nevertheless the matter is still one of the nature of proof required to establish the culpability of the defendant. The right of action against a host for wrongful death of a guest is no more destroyed by the 1931 amendment than by the 1929 statute.

This holding has already been indicated by us in our denial of a hearing in the cases of *Castro* v. *Singh,* 131 Cal. App. 106 [21 Pac. (2d) 169], and *Gardiner* v. *Hogue,* 131 Cal. App. 254 [20 Pac. (2d) 957], in each of which decisions the amendment was held not to be retroactive. The same conclusion was reached in *Anderson* v. *Ott,* 127 Cal. App. 122 [15 Pac. (2d) 526].

The judgment is affirmed.

Curtis, J., Preston, J., Waste, C. J., Shenk, J., Thompson, J., and Seawell, J., concurred.

Rehearing denied.