[Civ. No. 4906. Third Appellate District.—May 25, 1934.]

W. A. FENSTERMACHER, Respondent, v. W. E. JOHNSON, Jr., Appellant.

692

George R. Freeman for Appellant.

Jesse W. Carter and Sullivan, Roche, Johnson & Barry for Respondent.

PULLEN, P. J.—This appeal is from a judgment awarding plaintiff damages for the death of his daughter who was killed in an automobile accident which occurred in March, 1931. On the day in question defendant, accompanied by three companions, all being students of the University of Oregon, were on their way from Eugene, Oregon, to Berkeley and San Francisco. They had left Eugene about 3 o'clock in the afternoon the day before in the Ford roadster of defendant; defendant and W. C. Reed occupying the front seat and Helen C. Fenstermacher and Bernice Williamson occupying the rumble seat. ·

They had, according to their plans, driven all night and about sunrise were proceeding southerly along the Pacific

highway about three miles south of Corning, when the car turned over, resulting in the death of Miss Fenstermacher, daughter of plaintiff herein.

At the point of the accident the highway was straight and level for several miles in both directions. The paved portion of the highway was approximately fifteen feet in width with gravel shoulders approximately fifteen feet wide on each side. There was a slight elevation of an inch or two where the pavement rested upon the gravel shoulder. At the time of the accident the pavement was dry and there was no other traffic in the immediate vicinity. When the party had reached this point south of Corning the car was driven entirely off to the right of the pavement on to the gravel shoulder and traveled about 500 feet along this shoulder at a speed of from 40 to 45 miles per hour and was then turned to the left to return to the pavement when the left front wheel twisted or buckled and the tire, after dragging along the pavement, apparently blew out, or the wheel collapsed causing the frame to drop, whereupon the car turned over once or more and came to rest on its side on the left of the highway. The occupants were thrown from the car and Miss Fenstermacher received injuries resulting in her death very soon thereafter.

Some evidence was introduced in an attempt to show that Reed, one of the passengers, had been drinking. There was no substantial evidence of this nor of liquor being found in the car. The smell of alcohol about the automobile seemed to have been successfully explained by the presence of an anti-freeze mixture in a can or bottle in the car which had been drained from the radiator of the car by defendant preparatory to making the trip to Berkeley.

For reversal of the judgment founded upon the verdict of the jury in favor of plaintiff, appellant urged that by the amendment to section 141¾ of the California Vehicle Act, at a time subsequent to the accident and prior to the trial of the action, an action based upon gross negligence had been taken away and the only ground upon which a guest, or in case of death the representative, could recover, was for intoxication or wilful misconduct; this contention, however, has been definitely determined by the Supreme Court in the case of *Stotts* v. *Blickle*, 220 Cal. 225 [30 Pac. (2d) 392], contrary to this contention which

held that the amendment to section 141¾ of the California Vehicle Act did not abolish an existing right or cause of action for damages for the death of a guest because of the gross negligence of the driver, which had occurred prior to the effective date of the amendment.

▮ Appellant next urges that the evidence is insufficient to support the verdict because it failed to establish gross negligence. We believe, however, the jury was justified in their implied finding of the presence of gross negligence, although we must concede that it is a close question. It was shown without contradiction it was daylight at the time the accident occurred and that the road was straight and level for at least two miles north of the point where the accident happened and for ten miles south; the highway was dry and there was but little if any traffic. It further appeared that for no apparent reason defendant drove off the paved portion and on to the dirt shoulder on the right side of the highway and continued to operate his automobile along the dirt shoulder for a distance of approximately 500 feet at a rate of speed varying from 40 to 45 miles an hour, and then apparently without slackening that speed, clearly excessive under the conditions, he attempted to return to the paved portion of the highway.

One witness to the accident declared the car was going "very fast" even after her attention was attracted by the sound of the application of the brakes. This witness also testified that the car continued to proceed at the same high rate of speed until it finally turned over and came to rest. It was in evidence that the defendant could have stopped his car within 200 feet even if he had been operating it at the rate of 40 to 45 miles an hour. It has been held also that the doctrine of *res ipsa loquitur* applies in a case where it is merely shown that an automobile under the control of defendant overturned on an open highway for no apparent reason. (*Crooks* v. *White,* 107 Cal. App. 304 [290 Pac. 497] ; *Ireland* v. *Marsden,* 108 Cal. App. 633 [291 Pac. 912].) We must therefore conclude under the circumstances the driver was guilty of so slight a degree of care as to justify the belief of the jury that there was an indifference to the well-being of others.

▮ Appellant also claims the court erred in permitting evidence to be given relating to the presence of a broken

bottle smelling of alcohol at the scene of the accident. It is well established, however, that evidence of facts and circumstances tending to show that a defendant had been drinking is admissible under a general allegation of gross negligence. (*Craig* v. *Boyes,* 123 Cal. App. 592 [11 Pac. (2d) 673].)

The judgment is affirmed.

Plummer, J., and Thompson, J., concurred.