[Civ. No. 4619.  Third Appellate District.—May 25, 1934.]

ERMA MANICA, Respondent, v. ARTHUR LE ROY SMITH et al., Defendants; BERRY U DRIVE, LTD., Appellant.

Herbert Choynski and Anson H. Morgan for Appellant.

Sheridan Downey and Price & Price for Respondent.

THE COURT.—A rehearing was granted in this case to give further consideration to the question regarding the statutory liability of the owner of an automobile who, for hire, permits it to be used and operated by another person through whose gross negligence a guest is injured.

The appellant was engaged at Sacramento in the business of renting automobiles to be operated by other persons. The company owned the machine which is involved in this appeal. For a consideration it was rented to and operated by the defendant Smith on April 28, 1930. The plaintiff was riding in the machine as a guest at the time of the accident. Smith drove the car out Freeport road beyond the city limit at a rapid rate of speed and in such a grossly negligent manner that it swerved to the wrong side of the

highway, narrowly escaping a collision with an approaching machine. He then directed it straight towards a concrete parapet which stood at the opposite side of the road, which he barely missed. Immediately thereafter he drove the machine directly towards another approaching automobile which was forced into the ditch to avoid a collision. Smith's car then swerved back to its proper side of the highway where it ran into the ditch and overturned. The plaintiff was thrown out and sustained a broken arm and other injuries. There is no evidence of defective steering gear or other mechanical flaws in the car. There is no evidence that Smith was intoxicated, or that he had been drinking liquor. He was angry with the plaintiff. She testified that he drove the machine in the reckless and grossly negligent manner above related to frighten her.

The complaint alleges that the appellant is the owner of the automobile and that it was rented to the defendant Smith who was driving it at the time of the accident; that he "operated said automobile with such gross negligence" that it overturned, causing the injuries which were sustained by the plaintiff who was riding with him as a guest.

The cause was tried by the court sitting without a jury. Findings were adopted by the court favorable to the plaintiff on all the material issues. A judgment was rendered against both defendants jointly for damages in the sum of $1607.90. From that judgment the owner of the machine alone has appealed. The appellant contends its liability, which was created by section 1714¼ of the Civil Code, was annulled by the subsequent adoption of an amendment to section 141¾ of the California Vehicle Act before the judgment was rendered in this case. The amendment of 1931 eliminated from the guest law liability for injuries sustained as a result of gross negligence. It is also asserted there is a fatal variance between the allegations of the complaint to the effect that the plaintiff's injuries were sustained as a result of the manner in which the automobile was operated, amounting to gross negligence on the part of Smith, and the evidence which was adduced at the trial which clearly shows that he was guilty of wilful misconduct.

We are of the opinion the conduct of the defendant Smith in recklessly driving the automobile in the manner

above related amounts to gross negligence, and that it also constitutes wilful misconduct.

There is no variance between the allegations of the complaint that the manner in which the defendant Smith drove the car amounted to gross negligence and the proof which was adduced at the trial indicating that he was also guilty of wilful misconduct. The only negligence which is alleged was that he operated the machine in such a grossly negligent manner that the accident occurred. Negligence may be alleged in general terms. It is immaterial that the plaintiff characterized the conduct of the driver as gross negligence, if in fact it was more aggravated so as to constitute wilful misconduct. In truth, it included both. The court found that the allegations of the complaint were true.

Gross negligence is defined as a lack of slight diligence. (*Malone* v. *Clemow,* 111 Cal. App. 13 [295 Pac. 70]; *Walters* v. *Du Four,* 132 Cal. App. 72 [22 Pac. (2d) 259]; *Kastel* v. *Stieber,* 215 Cal. 37 [8 Pac. (2d) 474].) Wilful misconduct depends upon the facts of a particular case. It involves deliberate, intentional or wanton conduct in doing or omitting to perform acts with knowledge or appreciation of the fact that they are likely to result in injury to another person. (*Helme* v. *Great Western Milling Co.,* 43 Cal. App. 416 [185 Pac. 510, 512]; *Walker* v. *Bacon,* 132 Cal. App. 625 [23 Pac. (2d) 520]; *Olson* v. *Gay,* 135 Cal. App. 726 [27 Pac. (2d) 922]; *Howard* v. *Howard,* 132 Cal. App. 124 [22 Pac. (2d) 279]; *Norton* v. *Puter, ante,* p. 253 [32 Pac. (2d) 172].) In *Helme* v. *Great Western Milling Co., supra,* it is said:

" 'Willful misconduct' means something different from and more than negligence, however gross. The term 'serious and willful misconduct' is described by the supreme court of Massachusetts as being something 'much more than mere negligence, or even gross or culpable negligence', and as involving 'conduct of a *quasi* criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury, or with a wanton and reckless disregard of its possible consequences'. (*In re Burns,* 218 Mass. 8 [Ann. Cas. 1916A, 787, 105 N. E. 601].) The mere failure to perform a statutory duty is not, alone, willful misconduct. It amounts only to simple negligence. To constitute 'willful misconduct' there must be actual

knowledge, or that which in the law is esteemed to be the equivalent to actual knowledge, of the peril to be apprehended from the failure to act, coupled with a conscious failure to act to the end of averting injury. (*Smith* v. *Central etc. Ry. Co.*, 165 Ala. 407 [51 So. 792].)''

From the foregoing definitions it is evident that acts or conduct which merely amount to gross negligence may not be aggravated enough to also characterize them as wilful misconduct. Upon the contrary, acts which do amount to wilful misconduct may also include gross negligence. In the present case, while the conduct of Smith does amount to wilful misconduct, we are satisfied that it also constitutes gross negligence.

It is contended that since section 141¾ of the California Vehicle Act was amended before the judgment in this case was rendered so as to eliminate therefrom liability for damages to a guest for gross negligence of the driver of an automobile, leaving only drunkenness and wilful misconduct as the bases of such liability, this cause of action abated. It is insisted the amended vehicle act is retroactive in that respect. In support of this assertion the appellant cites *Krause* v. *Rarity*, 210 Cal. 644 [293 Pac. 62, 77 A. L. R. 1327], and other authorities wherein the established rule of law is stated that when a right of action does not exist at common law, but is created solely by a statute which contains no saving clause, the repeal of the act prior to the recovery of judgment has the effect of destroying the cause of action. Conceding that the liability of the appellant in the present case depends solely upon section 1714¼ of the Civil Code, and that it did not exist at common law, we are still of the opinion that it did not abate by the amendment of section 141¾ of the guest law, for the reason that the amendment of the last-mentioned section merely changed the degree of proof necessary to establish liability and section 1714¼ of the Civil Code remains in force.

A limited liability of the owner of an automobile is created by the provisions of section 1714¼, which became effective August 14, 1929, for damages resulting from injuries sustained by one through the negligent operation of a car to whom it is rented or by whom it is permitted to be used with or without hire. This liability accrues on the theory of imputed negligence whether the machine is used

in the business of the owner or not and independently of the existence of a relationship between him and the operator of master and servant or principal and agent. This liability was apparently created because of the nature of the dangerous instrumentality of an automobile which is evidenced by the alarming number of deaths and injuries resulting from automobile casualties. This section is constitutional. (*Heron* v. *Riley,* 209 Cal. 507 [289 Pac. 160]; *Barrett* v. *Harman,* 115 Cal. App. 283 [1 Pac. (2d) 458].) The last-mentioned section provides in part: "Every owner of a motor vehicle shall be liable and responsible for the death of or injury to person or property, resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner provided that the liability of an owner for imputed negligence imposed by this section and not arising through the relationship of principal and agent or master and servant shall be limited to the amount of five thousand dollars for the death or injury to one person in any one accident, . . . "

At the same time the foregoing section of the Civil Code was enacted, section 141¾ of the California Vehicle Act was also adopted. Both sections became effective at the same time. They must, therefore, be construed together in determining the liability of the appellant in this case.

It has been definitely determined on principle that the amendment of section 141¾ of the California Vehicle Act is not retroactive in its effect upon statutory liability for the death or injury of a guest so as to destroy a vested right of action which had accrued prior to the amendment so long as the statute which creates the liability remains in force. (*Stotts* v. *Blickle,* 220 Cal. 225 [30 Pac. (2d) 392]; *Krause* v. *Rarity,* 210 Cal. 644 [293 Pac. 62, 77 A. L. R. 1327]; *Walters* v. *Du Four,* 132 Cal. App. 72, 78 [22 Pac. (2d) 259].) In the case of *Stotts* v. *Blickle, supra,* it is said:

"The theory [of the appellant] is that a cause of action dependent upon statute, such as an action for wrongful death, abates upon the repeal of the statute without a saving clause; and that the action for wrongful death is governed by this rule.

"This theory, and its application to the 'guest law', received full consideration by this court in the case of *Krause* v. *Rarity*, 210 Cal. 646 [293 Pac. 62, 77 A. L. R. 1327], and the principles therein discussed are determinative of the instant case. We there dealt with the original guest law, as enacted in 1929, which took away the right to recover for ordinary negligence, and permitted recovery only for gross negligence, intoxication or wilful misconduct. This court held that the statute could not be retroactively applied to defeat a cause of action for ordinary negligence which accrued before its enactment. It was pointed out that the right of action for wrongful death remained, but required different evidence to maintain it. 'In other words, there has not been a moment of time since the enactment of section 377 [Code of Civ. Proc.] to the present time when an action would not lie on behalf of the heirs on account of the death of the guest. The only change brought about by the new law was in the nature and character of the proof required in each case. There war no abolishment of the right or cause of action.' . . . The matter is still one of the nature of proof required to establish the culpability of the defendant. The right of action against a host for wrongful death of a guest is no more destroyed by the 1931 amendment than by the 1929 statute."

The principle which is determined in the Krause case with relation to the abatement of a cause of action because of the amendment of section 141¾ of the guest law is applicable to the present case. In that case suit for damages for the death of William Krause, which occurred in 1927, before the guest law was enacted, was brought by his heirs on the ground of ordinary negligence. He was riding as a guest in the automobile of the defendant when he was killed. There was no common-law right of the heirs to maintain the action. It was instituted solely by authority of section 377 of the Code of Civil Procedure. At that time a statutory liability for the death of a guest as a result of ordinary negligence existed. After the accident occurred, but prior to the rendering of judgment in that case, section 141¾ of the vehicle act was enacted, restricting the liability to proof of death as a result of intoxication, gross negligence or wilful misconduct of the operator of the machine. The defendant in that case contended just as the appellant

contends in this case, that the adoption of the guest law before the rendering of judgment destroyed the cause of action for the reason that the law was retroactive. The Supreme Court held that it was not retroactive so as to destroy the cause of action based upon ordinary negligence, which had already accrued. Upon exactly the same principle the Stotts case was decided, in which it was held that the elimination of the right to maintain an action for the death of a guest as the result of gross negligence was not destroyed by the amendment of the vehicle act prior to the rendering of judgment. We are satisfied the cause of action against the appellant in this case did not abate by reason of the amendment of the guest law before the judgment was rendered.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1934.