[Civ. No. 8785.  Second Appellate District, Division One.—April 15, 1935.]

IOLA J. BARCROFT, Respondent, v. VIRGIL HOMER ADKINS et al., Appellants.

W. M. Conley, Philip Conley, Matthew Conley, Conley, Conley & Conley and Preisker, Goble & Twitchell for Appellant Adkins.

Redman, Alexander & Bacon and Herbert Chamberlin for Appellants Ed Eymann and Eymann Motor Company.

C. Douglas Smith for Respondent.

SHINN, J., *pro tem.*—Action for damages sustained in an automobile accident.

Defendant Adkins borrowed an automobile from defendants Eymann and Eymann Motor Company, a copartnership, in Fresno; drove to Monterey, where he was joined by plaintiff, a woman twenty-three years of age, on a trip to Los Angeles, to witness a football game. Plaintiff at all times drove the automobile. When they had reached a point south of Santa Maria, an accident occurred which resulted in severe injuries to plaintiff. She recovered judgment against Adkins based upon findings that the accident was caused by his negligence and wilful misconduct, and against defendants Eymann and Eymann Motor Company (hereinafter referred to as defendant Eymann) as the owner of the car. Both defendants appeal.

The findings of negligence and wilful misconduct on the part of Adkins are based upon the following facts: On the way down from Monterey, Adkins imbibed freely from a large bottle of whiskey which he had brought with him, resulting in his intoxication, of which plaintiff became aware a short distance north of Santa Maria. When they were about 1½ miles south of Santa Maria, traveling down grade and approaching a turn in the highway to the right, at a speed of approximately forty miles per hour, Adkins made advances to plaintiff; he took hold of plaintiff's hand and plaintiff jerked it away from him and told him not to do that, whereupon, in the language of the findings: "Said defendant, Virgil Homer Adkins, did immediately thereafter grabahold of plaintiff's right leg with his right hand and put his left arm around plaintiff's left shoulder and did then and there pull plaintiff toward him with great force in an attempt to hug and kiss plaintiff." Plaintiff's foot was pulled away from the brake pedal and she lost control of the steering wheel. The car went off the road through a guard rail and plaintiff's injuries resulted. The accident occurred at 8 or 8:30 P. M.; the night was clear and the road was dry. A sign at the roadside gave warning of the curve ahead. Plaintiff called Adkins' attention to the curve as she passed the sign, which was a considerable distance from the curve. She took her foot off the accelerator, applied the brake, and slowed down. She was applying the brake at the time Adkins interfered with her operation of the car in the manner stated. Plaintiff had had one drink with Adkins in Monterey, after which she drank no more. Adkins was

sober when they started on the journey. The conduct of Adkins, prior to the time of the advances described, had not been alarming; he at no time drove or attempted to drive or interfered with plaintiff in driving the car. Upon these facts the court found Adkins to be guilty of negligence and wilful misconduct, and found plaintiff not to be guilty of contributory negligence. We agree with the conclusions reached by the trial court. That the actions of Adkins constituted wilful misconduct admits of no doubt. They were intentional and wilful. The circumstances were such as to render it probable that an accident would result from interference with plaintiff's control of the car. The speed of the car, the grade, the turn in the road, of which Adkins was aware, all pointed toward danger. Without being able to slacken the speed of the car and to control the steering wheel, it was inevitable that plaintiff would be unable to negotiate the curve, and no reason is advanced why Adkins did not realize the danger, although his intoxication may furnish a reason for his not giving heed to it.

There was ample proof of an intent and purpose to do the thing that probably would result in injury and this is sufficient to prove wilful misconduct. (*Walker* v. *Bacon,* 132 Cal. App. 625 [23 Pac. (2d) 520] ; *Manica* v. *Smith,* 138 Cal. App. 695 [33 Pac. (2d) 418].) The defendant will be held to have intended the consequences which would naturally result from his deliberate acts. Without the semblance of excuse for his misbehavior, he placed his companion in a position of imminent danger. It is useless for him to contend that he did not thereby court disaster.

A point is made of the fact that the findings show both negligence and wilful misconduct, and it is claimed that these findings are inconsistent and hence cannot support the judgment. The point seems to be without merit. Since the evidence supports the finding of wilful misconduct, the finding of negligence is surplusage and immaterial.

The briefs of counsel discuss the question whether plaintiff was a guest of Adkins, but we think this question is likewise immaterial. Adkins was liable even though plaintiff was his guest, so it matters not whether she occupied that status. It is assumed by counsel on both sides that plaintiff's right to recover against Adkins is limited by the

provisions of section 141¾ of the California Vehicle Act in that if she was a guest she may not recover without proof of wilful misconduct on the part of Adkins. Since the point is not argued, we do not decide whether Adkins belongs in the class of either the "owner or driver, or person responsible for the operation of such vehicle" so as to require plaintiff to prove either that she was not a guest or that Adkins was guilty of wilful misconduct. Plaintiff was entitled to recover under the California Vehicle Act or regardless of the act.

Appellant Adkins relies upon the defense of contributory negligence under the rule that a guest who rides in an automobile knowing that the driver is intoxicated is guilty of contributory negligence. The cases cited in support of this rule do not apply here because Adkins was not the driver. We are not disposed to enter into a critical analysis of plaintiff's conduct under the circumstances forced upon her by her host. No less do we hesitate to indulge in generalities as to what would be prudent conduct for a female under such conditions. What we say has reference only to the particular facts of this case. The trial judge found plaintiff to be free from negligence, and we see no good reason for disturbing that finding. If, as appears to be the case, plaintiff believed the better course was to continue on the journey, notwithstanding the inebriated condition of her companion, we will not substitute our judgment for hers and hold that she should have done otherwise. She was alone with the defendant and far from home. Until the moment when he seized her in an amorous embrace, his conduct, while no doubt distressing, was not alarming. After her peril became known to her she was powerless to extricate herself therefrom. It is said by appellant Adkins in support of his defense that "it would shock the moral senses" to permit a recovery by plaintiff. We entertain a contrary view and consider that the law would be inadequate if it did not afford plaintiff a right to recover damages under the admitted facts of the case.

The point raised by this defendant that the damages $9,840, are excessive, does not require particular discussion. There was no error in the rulings in the admission of expert testimony. An objection to the question asked Adkins by his counsel whether he intended to injure plaintiff was prop-

erly sustained. No sufficient reason is presented for disturbing the judgment against defendant Adkins.

Numerous points are presented in support of the appeal of defendant Eymann, only one of which requires decision. Under section 1714¼ of the Civil Code the owner of a motor vehicle is liable for injuries to person or property "resulting from negligence in the operation of such motor vehicle in the business of such owner or otherwise by any person using or operating the same with the permission express or implied of such owner", etc. The judgment against defendant Eymann was erroneous. No liability of this defendant results from the facts of the case. The injury in question did not result from negligence in the operation of the car. Plaintiff was operating the car—Adkins was not operating it. Plaintiff was not guilty of negligence and the negligence and the wilful misconduct of Adkins were distinct and separate from the operation of the car or any attempt to operate it. Reliance is placed upon the case of *Bosse* v. *Marye*, 80 Cal. App. 109 [250 Pac. 693], in support of the argument that Adkins should be held to be the operator of the car, even though he was not engaged in driving it. The case is not in point. In that case, a parent, who had assumed liability for the negligence of a minor daughter, in signing her application for an operator's license, was held liable for the negligence of a friend whom the daughter allowed to drive the car. In that case there was negligence in the operation of the car, and the daughter who was seated beside the driver was held to be the operator on the theory that the driver was acting for her.

Section 1714¼ of the Civil Code does not make the lender of an automobile an insurer against the wayward and delinquent tendencies of the borrower. The law limits the liability of the owner of the automobile to responsibility for negligence in its operation. The facts of the present case show the wisdom of the limitation. The statutory liability not having been established and there being no other, the case falls as against defendant Eymann.

The judgment against defendant Adkins is affirmed; the judgment against defendants Eymann and Eymann Motor Company is reversed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 9, 1935, and applications by appellants and respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1935.