## KILE v. KILE, Adm'r.

No. 26940. Dec. 1, 1936.

Rehearing Denied Jan. 5, 1937.

Guy Horton, Brown Moore, and R. J. Shive, for plaintiff in error.

Pierce & Rucker and Wilcox & Swank, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Payne county. The parties occupy the same positions here as in the trial court and will be referred to as plaintiff and defendant. The action was brought to recover damages for personal injuries alleged to have been sustained as the result of an automobile accident occurring while the plaintiff was a guest in a car owned and driven by Eugene Kile, Sr. The accident happened in Colorado, and plaintiff and defendant both pleaded and relied upon the laws of that state as controlling their rights and liabilities in this action. A jury was impaneled to try the case, but at the close of plaintiff's evidence defendant interposed a demurrer thereto, which was sustained and the cause withdrawn from the jury and judgment rendered for the defendant. Motion for new trial was duly filed, heard, and overruled. Defendant, Eugene Kile, Sr., departed this life, and the cause was revived against Eugene Kile, Jr., administrator of his estate and the husband of the plaintiff. Plaintiff assigns in this court four specifications of error, which are presented under the following propositions:

"1. The court erred in refusing to permit the plaintiff to introduce evidence that was competent and material.

"2. The court erred in sustaining the defendant's demurrer to the plaintiff's evidence and in taking the case away from the jury and rendering judgment for the defendant.

"3. The court erred in rendering a judgment for the defendant, when the jury had never returned a verdict for the defendant.

"4. The court erred in overruling the plaintiff's motion for new trial."

Plaintiff's first proposition is based upon the refusal of the court to permit a witness to testify to a certain statement alleged to have been made by the defendant, Eugene Kile, Sr., to the witness. The witness, in an affidavit which was attached to the motion for new trial, said that had he been permitted to do so he would have testified as follows:

"Eugene Kile, Sr., told me that it was his own fault that the collision occurred between his car and that of Clyde Spellman because he was coasting down grade with his own car in free wheeling and was going too fast to stop in time to avoid a collision."

This witness while on the stand was permitted to and did testify to substantially the same statement. Had the witness been permitted to testify in the above particulars, his testimony would have merely been cumulative, so that if the rejection of this evidence was improper, which question we do not determine, it would at most constitute harmless error under the record here presented, and therefore will be disregarded. Section 3206, O. S. 1931, and Colvert v. Foster, 104 Okla. 196, 230 P. 879. Plaintiff's second proposition presents the vital question involved in this appeal. The plaintiff pleaded and relied upon the following provisions of section 97, chap. 122, S. L. 1931, Colo., which read as follows:

"The driver of a motor vehicle when traveling upon a down grade upon any highway shall not coast with the gears of such vehicle in neutral."

And section 73, chap. 122, S. L. 1931, Colo., which reads as follows:

"Section 73 (a). Any person driving a vehicle upon the highway shall drive the same at a careful and prudent speed not greater or less than is reasonable and proper, having due regard to the traffic, surface and width of the highway, the weather conditions and the condition of the vehicle he is then operating, and of any other conditions then existing. No person shall drive any vehicle upon the highway at such speed as to endanger the life, limb or property of any person, nor at such speed as to prevent him from retaining complete control of said vehicle so as to be able to slow or stop the same in order to avoid a collision with any other vehicle then within range of his vision."

The defendant pleaded section 138422

Colo. Comp. Laws, Supl. of 1932, page 131 (Laws Colo., 1931, c. 118, sec. 1), which reads as follows:

"Guest of owner shall not have cause of action for damages—Public carriers excepted. No person transported by the owner or operator of a motor vehicle as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss in case of accident, unless such accident shall have been intentional on the part of such owner or operator, or caused by his intoxication, or by negligence consisting of a willful and wanton disregard of the rights of others. The provisions of this section shall not relieve a public carrier or any owner or operator of a motor vehicle, while the same is being demonstrated to a prospective purchaser, of responsibility for any injuries sustained by a passenger being transported by such public carrier or by such owner or operator."

Plaintiff sought recovery on the theory of "negligence consisting of a willful and wanton disregard of the rights of others." The evidence offered was in substance to the effect that on the 12th day of August, 1933, the plaintiff and her father-in-law, Eugene Kile, Sr., and her husband, Eugene Kile, Jr., were traveling in an automobile from Denver to Colorado Springs; that Eugene Kile, Sr., was driving, using free wheeling, and was going very fast, the testimony being that he was traveling at around 60 miles an hour; that the road was over mountainous country; that the car was traveling south and was on the wrong side of the road at the time the accident happened; that plaintiff had protested against the speed at which they were traveling several times prior to the happening of the accident; that plaintiff was hurt in the accident; was under the care of a physician, confined in a hospital 11 days and had to stay in the home of a friend for approximately a year and had been compelled to go back to the hospital twice since the accident as a result of her injuries, and that immediately after the accident the defendant had said that he was driving too fast and should not have been in free wheeling and did not have as good control of his car as he thought he had; that he subsequently made substantially the same statement after his return to Oklahoma. It will be observed from what has been said that the proof of plaintiff was clearly sufficient to establish a violation by the defendant of both sections of the Colorado Statute pleaded by the plaintiff, and that this would constitute negligence per se and is sustained by the weight of authority. The plaintiff, however, in or-

der to recover by reason of the so-called guest statute, had to prove negligence consisting of a willful and wanton disregard of the rights of others. The plaintiff insists that her proof was sufficient to establish such negligence, and in this connection calls our attention to Spencer v. Holt, 82 Okla. 280, 200 P. 187; Tully v. Wetzel, 97 Okla. 24, 222 P. 539; Kastel v. Steiber (Cal.) 8 P. (2d) 477; Kellner v. Witte (Cal. App.) 23 P. (2d) 1045; Wiley v. Green Cab Co. (Ohio App.) 179 N. E. 419; Schlesinger v. Miller (Colo.) 52 P. (2d) 402; Foster v. Redding, (Colo.) 45 P. (2d) 940; Victor Coal Co. v. Muir (Colo.) 38 P. (2d) 1385, Brickey v. Herring (Colo.) 41 P. (2d) 298; Janeskie v. Kaib (Colo.) 230 P. 392; Miller v. Price, 168 Ok'a. 452, 33 P. (2d) 624; Strough v. Central Ry. Co., 209 Fed. 23; Barcroft v. Adkins (Cal. App.) 44 P. (2d) 379, 281; Walker v. Bacon, 132 Cal. App. 625, 23 P. (2d) 520; Manica v. Smith, 138 Cal. App. 695, 33 P. (2d) 418; Mech'am v. Crump (Cal. App.) 30 P. (2d) 568; and also to over a hundred other cases from this and other jurisdictions wherein it was held that the question of whether or not defendant was guilty of willful and wanton negligence was a question for the jury and cases wherein damages were awarded the plaintiffs. We have carefully examined these authorities, and find that they are either distinguishable on the facts or on principle or on both from those involved in the case at bar, and since the question involves the construction of the so-called guest statute of Colorado, and the parties predicate the suit upon the laws of Colorado and rely thereon, we are constrained to accept the construction placed upon the statute by the Supreme Court of that state, and we find that this has been most fully and carefully construed in the case of Mi'lington v. Hiedloff (Colo.) 45 P. (2d) 937, wherein that court said:

"If the conduct of Mrs. Millington were to be measured by the rule of simple negligence, there was sufficient evidence to carry the case to the jury, but the guest statute, supra, requires more than simple negligence. The negligence required must consist of, or amount to, a willful and wanton disregard of plaintiff's rights. Negligence, in its generally accepted meaning, has in it no element of willfulness: but involves a sta'e of mind which is negative: a state of mind in which the person fails to give attention to the character of his acts or omissions or to weigh their probable or possible consequences. As used in the guest statute, the term 'negligence,' coupled with the elements of wil'fulness and wantonness, must be construed, not in its commonly accepted sense, but as a standard to determine whether

there has been culpable conduct. Stated with some elaboration the statute means that to constitute culpable conduct under the guest statute, entitling one to a recovery, there must be in the first instance acts or omissions such that if they were the result of mere inattention to their character and to a failure to weigh their probable consequences they would constitute negligence; but a showing of this character does not fully meet the requirements of the guest statute and authorize a recovery. This statute requires that willfulness and wantonness also shall be present; that acts and omissions constituting negligence, if carelessly and inattentively done or omitted, shall be willful and wanton. The guest under the statute must take the risk of the driver's simple negligence. She cannot recover on a showing of negligence alone. She does not carry the risk of willful and wanton acts or omissions that proximately cause her injury. Willful acts and omissions are conscious acts and omissions; acts and omissions, the possible consequences of which are considered and weighed and present in the mind. To be also wanton acts and omissions they must be of such character or done in such manner or under such circumstances as to indicate that a person of ordinary intelligence actuated by a normal and natural concern for the welfare and safety of his fellowmen who might be affected by them could not be guilty of them unless wholly indifferent to their probable injurious effect or consequences. It will thus be seen that not even every willful act or omission that it is known may subject the guest to possible injury, and that may be the proximate cause of injury to a guest, entitles the guest to a recovery. In addition to being willful, to entitle one to a recovery the conduct must be wanton; such that under the circumstances indicates in and of itself to ordinarily intelligent and considerate persons a disregard for the safety of those liable to be affected thereby, or an indifference to the injurious consequences that may result therefrom.

"The foregoing evidence, being all the evidence on negligence, does not meet the requirements necessary to show willful and wanton disregard of Mrs. Hiedloff's rights."

From what has been said in the above-quoted case, it is apparent that the evidence of the plaintiff was insufficient from any angle to establish a recovery by the plaintiff, and under these circumstances, as we have said in Smith v. Dunbar Co., 125 Okla. 215, 257 P. 282:

"Where there is no competent evidence which is sufficient from any angle to establish a right to recovery or to a verdict or judgment in favor of plaintiff, a demurrer thereto should be sustained."

We conclude that there was no error in sustaining the defendant's demurrer to the plaintiff's evidence.

The third contention of the plaintiff was raised and decided by us in the case of Ames v. Milam, 53 Okla. 739, 157 P. 941, wherein we said:

"The sixth assignment of error complains of the action of the court in rendering judgment for plaintiff, when there had been no verdict returned by the jury. This contention is without merit, and needs no discussion. Section 5002, subd. 3, Rev. Laws 1910."

What we have previously said with respect to the other propositions contended for by the plaintiff disposes of the fourth proposition. No error appears, and therefore the judgment of the trial court should be, and is hereby, affirmed.

McNEILL, C. J., and BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, V. C. J., and RILEY and BAYLESS, JJ., absent.