CHALES J. TAYLOR, RESPONDENT, v. HARRY BERNER, TRADING UNDER THE FIRM NAME OF MUTUAL MINERAL WATER WORKS, APPELLANT.

SUSIE TAYLOR, RESPONDENT, v. HARRY BERNER, TRADING UNDER THE FIRM NAME OF MUTUAL MINERAL WATER WORKS, APPELLANT.

Submitted January term, 1929—Decided July 3, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Samuel Harber.*

For the respondents, *Levitan, Levitan & Auerbach.*

PER CURIAM.

The question presented on these appeals is whether the proofs established by the plaintiff in the trial below justified

the application of the doctrine of *res ipsa loquitur*. The actions were to recover damages for injuries received by Susie Taylor, one of the plaintiffs, from the explosion of a bottle containing vichy, which had been sold and delivered to the plaintiff's employer by the defendant-appellant. While not the manufacturer of the vichy, the defendant was engaged in the bottling business, and as part of such business had filled the bottle, which, on the occasion in question, exploded.

The plaintiff's proofs established this and nothing more. At the conclusion of the plaintiff's case the defendant moved for a nonsuit, and on the ground, among others, that there was no proof of negligence in the defendant or his servant. The motion was denied, and the defendant then offered proofs, tending to show that the bottle used was purchased from a reputable manufacturer, and that proper care was used in the bottling of its contents. At the conclusion of the entire case the defendant moved the court for the direction of a verdict in his favor. This also the court denied. From the judgments entered defendant appeals.

The grounds of appeal are that the rulings on these motions were erroneous, and that the charge to the jury was prejudicial to the defendant. It is sufficient to say with respect to the instructions, that no specific part of the charge was brought to the attention of the court by exception, and it is not, therefore, before us.

The refusal of the motions for nonsuit and the motions for the direction of verdicts for the defendant were properly refused. The defendant, as a bottler, was obliged to use reasonable care in the filling of the bottle of vichy. With the exercise of reasonable care it is obvious that an explosition, such as here occurred, does not ordinarily result. This being true, we think the rule of *res ipsa loquitur* applied, and that it was permissible for the jury to infer from the occurrence of the explosion want of such reasonable care. The proofs presented by the defendant did not remove the cases from the consideration of that body. *Hughes* v. *Atlantic City Railroad*, 85 *N. J. L.* 212.

The judgments are affirmed.