CHARLES J. TAYLOR, RESPONDENT, v. HARRY BERNER, TRADING AS MUTUAL MINERAL WATER WORKS, APPELLANT.

SUSIE TAYLOR, RESPONDENT, v. HARRY BERNER, TRADING AS MUTUAL MINERAL WATER WORKS, APPELLANT.

Argued October 22, 1929—Decided May 19, 1930.

For the appellant, *John W. Ockford.*

For the respondents, *Abraham Levitan.*

The opinion of the court was delivered by

CAMPBELL, J. These are appeals from judgments of the Supreme Court affirming judgments of the Second District Court of Jersey City in favor of the respondents. The action was for personal injuries, &c., to the respondent Susie Taylor caused by the explosion of a bottle of vichy.

The other respondent is the husband of Susie Taylor, who was a maid in an apartment in New York City. In taking the bottle from the case or box in which it had been delivered the bottle exploded resulting in the injuries to respondent.

The appellant was the manufacturer of the vichy who furnished, charged and delivered the bottle in question.

Both respondents have judgments in the District Court: Susie Taylor for $500 and her husband, Charles J. Taylor, for $70.

Upon appeal the Supreme Court affirmed the judgments holding that, upon the question of negligence involved, the doctrine of *res ipsa loquitur* applied. In this we concur.

Certain alleged errors in the charge of the trial court were urged in the Supreme Court and that court found that as no specific part of the charge was brought up by proper exception, there was nothing in that respect properly before it. Our examination of the exceptions taken to the charge and of the grounds of appeal leads us to the conclusion that the Supreme Court was in error in this respect.

The first instruction complained of is that relating to the recovery of the respondent Susie Taylor.

With respect to that the trial judge instructed the jury as follows:

"Now, for this seven weeks which she says she suffered you can give her up to the jurisdiction of this court, that is $500; and, surely, she is entitled to that if you find that she is entitled to judgment at all she is entitled to a judgment that will pay her substantially for this scar on her limb for the rest of her life, as well as for her pain and suffering. You are gentlemen of the world and you ought to know what to give but you cannot give more than $500, which is the jurisdiction of this court. But you should not give a less amount if you find the defendants were guilty of negligence or give a verdict that would be ridiculous in comparison to the seven weeks and the wound which the woman has."

That such an instruction was erroneous and harmful calls for no discussion and requires a reversal of the judgment in favor of the respondent, Susie Taylor.

The other portion of the charge under attack is:

"In the case of Charles J. Taylor against the defendant brought by the husband for the loss of the wife's services the wife says that she received $20 per week salary and that she was compelled to lose seven weeks at the rate of $20 per week, that is in all $140. There is no testimony as to how much the doctor received so that you cannot give her any

medical expenses because there is nothing to base it upon. There is no figure in the case which shows how much medicine she bought or any kind of figure about how much she spent so Charles Taylor can only recover in a case of this kind the actual expenses he was put to in taking care of his wife's necessities and the loss of his wife's services which would be the wages she earned and to which he would be entitled. So that if there is judgment for the plaintiff Charles J. Taylor against the defendant it must be based upon the fact that the defendant was negligent in the case of Susie Taylor, the wife, because if Susie Taylor does not recover her husband cannot recover in his action. If he does recover he recovers upon the case of Susie Taylor and the only amount you could give him would be up to $140."

Again a reading of the instruction demonstrates its erroneousness in law requiring a reversal of the judgment in favor of the respondent, Charles J. Taylor.

The judgments of the Supreme Court and the District Court are, therefore, reversed.

*For affirmance*—None.

