LOUIS MARKOWITZ, PLAINTIFF, v. LIEBERT AND OBERT, A CORPORATION OF THE STATE OF PENNSYLVANIA, AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, AND SAMUEL FRANKINSTEIN, TRADING AS CITY BEVERAGE CO., DEFENDANTS JOINTLY AND SEVERALLY.

Decided August 23, 1945.

For the plaintiff, *S. Paul Ridgway*.

For the defendant Liebert and Obert, a corporation of the State of Pennsylvania, authorized to do business in the State of New Jersey, *Lloyd, Horn & Perskie*.

BURLING, C. C. J. and S. C. C.   The plaintiff instituted an action at law, sounding in tort, based upon the negligence of the two defendants against whom the suit has been brought jointly and in the alternative.   It is alleged by the plaintiff that he went to the place of business of the defendant Samuel Frankinstein, trading as City Beverage Co., for the purpose of purchasing a case of defendant's Liebert and Obert beer known under the trade name of Cooper's Beer, and that while on the premises of the said defendant Samuel Frankinstein, in the City of Atlantic City, County of Atlantic and State of New Jersey, in the act of bending over for the purpose of picking up said case, one of the bottles exploded, causing injury to him.   It is further alleged that the defendant, Liebert and Obert, was engaged in the business of manufacturing, distributing, selling and transporting beers and beverages and that the defendant Samuel Frankinstein was a distributor or wholesale dealer for the sale of beers and beverages of said defendant Liebert and Obert.   The gist of the action is laid in paragraphs 8, 9 and 10 of the complaint as follows:

"8. The said defendant, Liebert and Obert, it's servants and agents, were careless and negligent in that:

"(a) They carelessly brewed, manufactured, bottled, distributed and transported said bottle of beer.

"(b) Said defendant, its servants and agents, failed to use reasonable care in pouring, preparing and manufacturing said beer.

"(c) Said defendant failed to use reasonable care to see that said bottle was strong enough to withstand the pressure of gas created by said beer and beverage.

"(d) Said defendant, its agents and servants, prepared said beer in a dangerous, defective and unsafe condition.

"(e) Said defendant failed to use reasonable care to see that said beer and beverage was properly poured in said bottle

and also to see that said gas in said beer or beverage did not break said bottle.

"(f) Said defendant, its servants and agents, carelessly and negligently brewed and manufactured said beer so as to cause same to be highly overcharged and to explode.

"(g) Said defendant, its agents and servants, was careless and negligent in transporting and delivering said beer to defendant, Samuel Frankinstein.

"(h) Said defendant was otherwise careless and negligent in the brewing, manufacturing, distributing, selling and transporting said beer.

"9. The defendant Samuel Frankinstein, trading as City Beverage Co., his agents and servants was negligent in that:

"(a) Said defendant carelessly and negligently handled said bottle containing said beer so as to weaken said bottle.

"(b) Carelessly stored and exposed said beer.

"(c) Said defendant was otherwise careless and negligent in the handling, storing, transporting and delivering said beer.

"10. Said bottle of beer was delivered to defendant Samuel Frankinstein by defendant Liebert and Obert, its servants and agents, and that after said bottle of beer was brewed and manufactured it was handled only by defendant Liebert and Obert and defendant Samuel Frankinstein, trading as City Beverage Co."

Motion has been made by the defendant Liebert and Obert for an order compelling the plaintiff to comply with the demand for particulars served herein and more particularly to compel the plaintiff to submit answers to questions 12 to 19 as set forth in said demand for particulars.

Demands Nos. 12 to 19 are as follows:

"12. State in what respect or respects this defendant was careless in the brewing, manufacturing, bottling, distributing and transportation of said bottled beer as charged in Paragraph 8 (a) of the Complaint.

"13. State in what respect or respects this defendant, its servants and agents, failed to use reasonable care in pouring, preparing and manufacturing said beer as charged in Paragraph 8 (b) of said Complaint.

"14. State in what respect or respects this defendant failed to use reasonable care to see that said bottle was strong enough to withstand the pressure of gas created by said beer and beverage as charged in Paragraph 8 (c) of said Complaint.

"15. State in what respect or respects this defendant, its agents and servants, prepared said beer in a dangerous, defective and unsafe condition as charged in Paragraph 8 (d) of said complaint.

"16. State in what respect or respects this defendant failed to use reasonable care to see that said beer and beverage was properly poured in said bottle and also to see that said gas in said beer or beverage did not break said bottle as charged in Paragraph 8 (e) of said Complaint.

"17. State in what respect or respects this defendant, its servants and agents, carelessly and negligently brewed and manufactured said beer so as to cause same to be highly overcharged and to explode as charged in Paragraph 8 (f) of said Complaint.

"18. State in what respect or respects this defendant, its agents and servants, were careless and negligent in transporting and delivering said beer to defendant, Samuel Frankinstein, as charged in Paragraph 8 (g) of said Complaint.

"19. State in what respect or respects this defendant was otherwise careless and negligent in the brewing, manufacturing, distributing, selling and transporting said beer as charged in Paragraph 8 (h) of said Complaint."

The answers which are objected to in said answers to said demand for particulars are as follows:

"12. Not proper question because plaintiff relies upon a doctrine of *res ipsa loquitur*.

"13. Not proper question.

"14. Not proper question.

"15. Not proper question.

"16. Not proper question.

"17. Not proper question.

"18. Not proper question.

"19. Not proper question.

"Questions No. 12 to No. 19 inclusive are not proper

questions because the case will be tried on the theory of *res ipsa loquitur* and because said evidence is in the possession of defendant."

In *Stevenson on the Law of Negligence in New Jersey* (1945) at *p.* 308, it is stated:

"The doctrine of *res ipsa loquitur* is a rule of evidence that is designed to secure a just consideration of cases involving injury or damage to those who suffer them through unusual or extraordinary circumstances. It comes into application where the court finds that due to the fact that knowledge concerning the cause of accident is peculiarly within the possession of the defendant, the plaintiff is unable to produce proof of the specific act of negligence involved."

In the case of *Cicero* v. *Nelson Transportation Co., Inc.* (*Supreme Court,* 1943), 129 *N. J. L.* 493 (at *p.* 495) ; 30 *Atl. Rep.* (*2d*) 67, 69, it was held:

"This rule as applied to actions of negligence, is founded on the hypotheses that the instrumentality producing the injury was under the management or control of the defendant, and that, in the general experience of mankind, the event producing the injury does not happen unless the person in control has failed to exercise due care. In such circumstances, negligence may reasonably be inferred, and therefore the occurrence itself affords *prima facie* evidence of a want of due care. The maxim represents an exception to the general rule that the *onus* of proof of the negligence alleged is in the first instance on the plaintiff; and it embraces only those cases where the occurrence bespeaks the defendant's negligence, *i. e.,* where the natural inference from the fact of the happening of the event is that it ensued from defendant's failure to use due care."

In the language of Mr. Justice Pitney, the meaning of *res ipsa loquitur* is: "that the facts of the occurrence warrant the inference of negligence not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal not necessarily that they require it; that they made a case to be decided by the

jury not that they forestall the verdict. *Res ipsa loquitur* where it applies does not convert the defendant's general issue into an affirmative defense. When all evidence is in, the question for the jury is whether the preponderance is with the plaintiff." *McKelvey on Evidence* (*5th ed.*) 139, citing from *Sweeney* v. *Erving,* 228 *U. S.* 233 (at *p.* 240) ; 33 *S. Ct.* 416.

The determination of this motion hinges partially upon the answer to the posed question, "Can a plaintiff who has alleged specific acts or omissions of the defendant as the proximate causes of the mishap, invoke at the trial the doctrine of *res ipsa loquitur?"*

In *Shain on Res Ipsa Loquitur* (1945) at *p.* 486, it is stated:

"Where a case comes under the doctrine of *res ipsa loquitur,* it would seem that general allegations by themselves would be sufficient and that plaintiff should not be required to allege specific acts of negligence, since under a *res ipsa* situation he is not even supposed to have any knowledge of such specific acts. 'However, under the (new) system of code pleading, requiring a plain and concise statement of the facts constituting plaintiff's cause of action, it has been held that a general averment of negligence, if objected to by special demurrer, can not be aided by the *res ipsa loquitur* doctrine, and, even in such cases, plaintiff must plead the particular acts of negligence which he claims to have caused the injury.' It has also been held that the doctrine will not apply unless plaintiff has alleged and proved that the act or omission which caused the injury was one that a reasonably prudent man, in defendant's place, would have foreseen might cause the injury. This confusion is due to the fact that though 'generally speaking the doctrine of *res ipsa loquitur* is a rule of evidence and ordinarily has no application to pleading,' sometimes it is treated as a rule of pleading with disregard of the actual purpose and basis of the doctrine."

New Jersey cases seem to incline toward the rule that if the case is a proper one for the application of the doctrine, the plaintiff, although he has pleaded the definite cause of the accident, does not thereby waive the right to rely upon

the doctrine. *Trenton Passenger Railway Co.* v. *Cooper* (*Court of Errors and Appeals,* 1897), 60 *N. J. L.* 219 (at *p.* 220); 37 *Atl. Rep.* 730; *Rapp* v. *Butler-Newark Bus Line* (*Supreme Court,* 1927), 103 *N. J. L.* 509 (at *p.* 512); 138 *Atl. Rep.* 377; *affirmed* (*Court of Errors and Appeals,* 1927), 104 *N. J. L.* 444; 140 *Atl. Rep.* 921; *Hochreulner* v. *Pfenninger* (*Court of Errors and Appeals,* 1934), 113 *N. J. L.* 317; 174 *Atl. Rep.* 513; *Cleary* v. *Camden* (*Supreme Court,* 1937), 118 *N. J. L.* 215 (at *p.* 221); 192 *Atl. Rep.* 29; *affirmed* (*Court of Errors and Appeals,* 1937), 119 *N. J. L.* 387; 196 *Atl. Rep.* 455.

Thompson in his work on Negligence says: "The plaintiff in an action for personal injuries is not deprived of his right to rely upon the doctrine of *res ipsa loquitur* by reason of having averred the particular act of negligence complained of, where such act is the one which legal inference tends to establish." 6 *Thomp. Neg.,* § 7643.

In the above cited case of *Rapp* v. *Butler-Newark Bus Line,* 103 *N. J. L.* 509; 138 *Atl. Rep.* 378, it is stated:

"It is argued, however, that the nonsuit should have been granted because the accident did not itself speak negligence on the part of the defendant; and, further, that the doctrine of *res ipsa loquitur* had been abandoned by the plaintiffs by alleging in their bill of particulars specific acts of negligence. We think these contentions are without merit. As to the last contention: The bill of particulars was furnished to the defendant in compliance with its demand for such specification. The theory that a defendant, by the making of such a demand, can deprive a plaintiff of the protection afforded by the doctrine of *res ipsa loquitur* seems to us to be absolutely without any basis to rest upon. If it be sound, then counsel has discovered a method of entirely abrogating this doctrine; for it can readily be imagined that in all actions of this kind hereafter brought the course of procedure adopted in the present case would be followed."

The point has been raised by the defendant in support of its right to the particulars in this matter that upon the trial of the cause it may appear from the evidence that the doctrine is not applicable to it, the bottler. From a review of some

of the pertinent cases in this state relating to negligence as to exploding bottles it would appear that there are ramifications and qualifications to the rule, for instance—*Noonan* v. *Great Atlantic, &c., Tea Co.* (*Court of Errors and Appeals,* 1927*)*; 104 *N. J. L.* 136; 139 *Atl. Rep.* 9; *Taylor* v. *Berner* (*Supreme Court,* 1929*)*; 7 *N. J. Mis. R.* 597; 146 *Atl. Rep.* 674; *affirmed* (*Court of Errors and Appeals,* 1929*)*, 106 *N. J. L.* 469; 150 *Atl. Rep.* 371; *Dunn* v. *Hoffman Beverage Co.* (*Court of Errors and Appeals,* 1941*)*; 126 *N. J. L.* 556: 20 *Atl. Rep.* (*2d*) 352; *MacPherson* v. *Canada Dry Ginger Ale, Inc.* (*Supreme Court,* 1943*)*, 129 *N. J. L.* 365; 29 *Atl. Rep.* (*2d*) 868. The doctrine has been defined by what has been termed a classic definition in *Spill* v. *Stoeckert* (*Court of Errors and Appeals,* 1940*)*, 125 *N. J. L.* 382 (at *p.* 384*)*; 15 *Atl. Rep.* (*2d*) 773, 774, as follows:

"Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. 1 *Thomp. Negl.,* ¶ 15."

From which it appears that part of the proof is requisite evidence of the exercise of due care by others in this class of cases during the period of lack of possession of the exploding bottle. *MacPherson* v. *Canada Dry Ginger Ale, Inc.* (*supra*); *Dunn* v. *Hoffman Beverage Co.* (*supra*). For instance the element of sole control is not present in the complaint but the interim negligence of the co-defendant, Samuel Frankinstein, is asserted in paragraph 9 of the complaint. Thus the rule may not be invoked or raised and the defendant may thereupon be obliged to meet the general allegation of negligent conduct as in the ordinary course (*Cicero* v. *Nelson Transportation Co., Inc., supra*) if such evidence is produced as it may be sufficient to sustain an inference that the defendant failed to exercise reasonable care. *Cleary* v. *City of Camden* (*supra*).

It becomes necessary to meet the merits of the application and the purpose of particulars as applied to this case. The function of a bill of particulars has been defined in the case

of *Hooper* v. *William P. Laytham & Sons Co., Inc.,* 125 *N. J. Eq.* 454 (at *p.* 455); 6 *Atl. Rep.* (*2d*) 204, 205, as follows:

"It is now well settled that the function of a bill of particulars is to secure a discovery of an opponent's case with a greater degree of particularity than is disclosed by his pleadings. While it may not be employed as a means of compelling a disclosure of an adversary's evidence, nevertheless a bill of particulars may be used for the purpose of requiring the party to whom it is directed to give information relative to his case not only for the purpose of enabling his opponent to prepare a proper pleading in reply, but also for the purpose of limiting his own proof at the trial, as well as apprising his adversary of what is proposed to be set up to the end that the latter may properly prepare his defense thereto."

In the application of the applicable principles enunciated as they are in the due administration of justice, to this case and to the allegations of negligence *in quo modo* in paragraph 8 of the complaint, it appears that the defendant has been reasonably and sufficiently apprised of the details of the negligence and the gist of the action to prepare its proper pleading and to properly prepare its defense. It should be in this case in possession more adequately of the pertinent facts. In 45 *C. J.* at *p.* 1084, it is stated:

"It is also a well setted rule that, where the facts pertaining to the negligence are peculiarly within the knowledge of defendant and are such that plaintiff cannot be expected to know them, such facts may be alleged with less certainty and particularity than would otherwise be necessary."

The motion is denied. Appropriate rule may be presented.