6 N.J. Super. 255 (1950)
71 A.2d 139
SAMUEL KRAMER, PLAINTIFF-RESPONDENT,
v.
R.M. HOLLINGSHEAD CORP., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 1950.
Decided February 1, 1950.
*256 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Joseph Lipkin argued the cause for plaintiff-respondent (Messrs. Lipkin, Neutze & Lipkin, attorneys).
Mr. S.P. McCord, Jr., argued the cause for defendant-appellant (Messrs. Starr, Summerill & Davis, attorneys).
The opinion of the court was delivered by DONGES, J.A.D.
This is an appeal from a judgment of the Camden County District Court in favor of the plaintiff.
The only question presented for our determination is whether the doctrine of res ipsa loquitur is applicable.
It appears from the agreed statement of fact that the plaintiff was the owner of a Buick sedan. He testified that on Saturday, June 26, 1948, he purchased a can of "Motor Tune-Up," a solvent manufactured and canned by the defendant. The following morning, allowing his car to run, he applied some of the solvent to his automobile, in accordance *257 with the directions on the can. He then permitted the motor to cool off for about 20 minutes, and when he started the motor again, there was an immediate explosion damaging the entire motor. He further testified that the vehicle had been "tuned up" about a week before the explosion, and he was told by the mechanic that with the exception of some carbon which existed in the motor, "it had been running exceptionally fine." It was stipulated that plaintiff's wife would testify the same as plaintiff. The plaintiff had testified unequivocally that the motor had given no indication of being defective at any time previous to the introduction of this solvent into the motor.
The defendant produced as witnesses two chemists. The first testified that he secured a portion of the contents of the can from plaintiff and made a test to compare the product as against the usual product manufactured. He stated that he knew of nothing in the product which could have caused the explosion. The second chemist outlined the care and caution used by the defendant in the preparation and canning of the solvent.
The remaining witness called by the defendant was an automobile mechanic who, in answer to hypothetical questions, attempted to give his opinion as to what might have caused the explosion. He was not familiar with plaintiff's automobile.
The doctrine of res ipsa loquitur is a rule of evidence that is designed to secure a just consideration of cases involving injury or damage to those who suffer them through unusual or extraordinary circumstances. It comes into application where the court finds that due to the fact that knowledge concerning the cause of the accident is peculiarly within the possession of the defendant, the plaintiff is unable to produce proof of the specific act of negligence involved. Markowitz v. Liebert & Obert, 23 N.J. Misc. 281 (Sup. Ct. 1945).
The doctrine of res ipsa loquitur has been discussed by our courts in numerous cases and has been applied in varying circumstances. It is applied where the instrumentality is shown to be under the management of the defendant or his *258 servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care. It affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of due care. Smith v. Kirby, 115 N.J.L. 225 (E. & A. 1935); Markowitz v. Liebert & Obert, supra; Cicero v. Nelson Transportation Co., Inc., 129 N.J.L. 493 (Sup. Ct. 1943).
The defendant, who was the manufacturer and canner of the solvent in this case, was for all purposes in exclusive control of the can and its contents, as the can was sealed and its contents were undisturbed until it reached the consumer's hands. See Rozumailski v. Philadelphia Coca-Cola Bottling Co., 296 Pa. 114, 145 A. 700 (Sup. Ct. of Pa. 1929); Dillon v. William S. Scull Co., 164 Pa. Super. 365, 64 A.2d 525 (Super. Ct. of Pa. 1949).
It was shown in the case under consideration that the automobile was operating properly until the solvent was applied. It was not shown that the contents were altered or disturbed in any way. On the contrary, plaintiff testified that he broke the seal immediately before he applied the solvent.
The manufacturer was obliged to use reasonable care in the manufacture and canning of its product. It is obvious that with the exercise of reasonable care, an explosion such as occurred here does not ordinarily result. It was permissible for the trier of fact to infer from the occurrence of the explosion want of such reasonable care. Taylor v. Berner, 7 N.J. Misc. 597 (Sup. Ct. 1929); reversed on other grounds, 106 N.J.L. 469 (E. & A. 1929); MacPherson v. Canada Dry Ginger Ale, Inc., 129 N.J.L. 365 (Sup. Ct. 1943). The court below committed no error in applying the doctrine of res ipsa loquitur to the facts of this case.
The judgment under review is affirmed.