LUIS ROMÁN RODRÍGUEZ ET AL., Plaintiffs and Appellants, *v.* LA MUEBLERÍA CENTRAL COMERCIAL, ETC., ET AL., Defendants and Appellees.

No. 10402. Argued January 15, 1951.—Decided March 30, 1951.

*E. Martínez Avilés* and *Isaías M. Crespo* for appellants. *F. Prieto Azúar* for appellees.

Mr. Chief Justice De Jesús delivered the opinion of the Court.

While Pedro Rosario was riding toward Santurce, along the highway known as Carpenter Road, the left front tire of his automobile was deflated. He therefore parked the car well to the right. When he arrived at his residence, he ordered three of his employees to go to the place where he had left the automobile, change the tire and bring the automobile home. The three employees, one of whom was the plaintiff, arrived after 7 p.m. at the place where the automobile had been left. In order to have light while they worked, they parked the truck in which they had come immediately in front of the automobile, with the parking lights on. At this point, and while they were changing the tire, a Chevrolet truck owned by Isaías Rodríguez and Bárbara Moreno, the defendants, insured with the Maryland Casualty Co., the co-defendant, was coming along the same highway toward Santurce and collided so violently with the rear part of the afore-

said automobile that it bent its chassis, the automobile falling on top of the plaintiff, who was changing the tire at the time. As a result the plaintiff suffered serious injuries in his left leg and in the thorax.

To recover damages, the plaintiff brought this action against the owners of the Chevrolet truck which caused the damage and against the insurer. He alleged that the accident was due to the negligence of the chauffeur of the Chevrolet truck, who at that time was acting within the scope of his employment with the codefendants, the owners of said truck. He did not make a general allegation of negligence, but rather alleged specific acts, to wit: (a) driving the truck at an excessive speed; (b) without lights and (c) carelessly and recklessly. On the basis of these allegations the case went to trial. None of the witnesses saw the Chevrolet truck before the collision and consequently were unable to testify as to the speed at which it traveled or as to the manner in which it was being driven; and as they saw it for the first time only after the collision and said vehicle then had no lights, they could not testify whether the light were extinguished due to the collision or whether they had not been on at all.

The defendants moved for nonsuit, and although the plaintiff invoked the doctrine of *res ipsa loquitur*, the court granted the motion and dismissed the complaint on the ground that when specific acts of negligence are alleged, the said doctrine is not applicable and the plaintiff must rely exclusively on the specific acts alleged in his complaint.

 The controversy in this appeal turns on whether, notwithstanding that the specific acts of negligence alleged in the complaint were not proved, the mere fact that the accident occurred under the circumstances under which it happened, is prima facie evidence that it would not have happened in the absence of negligence on the part of the chauffeur of the Chevrolet truck. See *Hermida* v. *Feliciano*, 62

P.R.R. 54. In other words, whether the lower court should have applied the doctrine of *res ipsa loquitur*.

The question now under consideration has been previously raised in this jurisdiction and determination thereof was postponed; but we must decide it in this case.

The authorities are in conflict as to whether the allegation of specific acts of negligence precludes the application of the doctrine of *res ipsa loquitur*. And although the judge of the lower court states in his opinion that the rule he applied is universally accepted and cites several authorities to that effect, our study of the subject matter reveals that a considerable number of jurisdictions hold that when the circumstances of the case are of such a nature that the accident would not have occurred except for the defendant's sole negligence and the plaintiff has not the means within his reach to prove the cause of the accident, the doctrine is applied despite the allegation of specific acts of negligence which the plaintiff attempted but was unable to prove. *Tenney v. Enkeball*, 158 P. 2d 519 (Ariz. 1945); *Johnson v. Greenfield*, 198 S. W. 2d 403 (Ark. 1946); *Firszt v. Capitol Park Realty Co.*, 120 Atl. 300 (Conn. 1923); *Morgan v. Yamada*, 26 Haw. 17 (1921); *Partin's Adm'r. v. Black Mountain Corporation*, 58 S. W. 2d 234 (Ky. 1933); *Lawson v. Clawson*, 9 A. 2d 755 (Md. 1939); *McNamara v. Boston & M. R. R.*, 89 N. E. 131 (Mass. 1909); *McNeill v. Durham & C. R. Co.*, 41 S. E. 383 (N. C. 1902); *Markowitz v. Liebert & Obert*, 43 A. 2d 794 (N. J. 1945); *Boyd v. Portland Electric Co.*, 66 Pac. 576 (Ore. 1901); *Boykin v. Chase Bottling Works*, 222 S. W. 2d 889 (Tenn. 1949); *Blaisdell v. Blake*, 11 A. 2d 215 (Vt. 1940); *Washington-Virginia Ry. Co. v. Bouknight*, 75 S. E. 1032 (Va. 1912); *D'Amico v. Conguista*, 167 P. 2d 157 (Wash. 1946); Fleming James, Jr., Proof of the Breach in Negligence Cases, 37 Va. L. Rev. 179, 215 *et seq.* (1951) and F. Fernández Cuyar, *Res Ipsa Loquitur*, I *Revista de Derecho, Legislación y Jurisprudencia*, 64 (1935). To this effect it is said in *Firszt v. Capitol Park Realty Co., supra,*

". . . While there is confusion among the cases upon the point, the weight of authority seems to be otherwise and to hold:

" 'That, if the case is a proper one for the application of the doctrine, the plaintiff by pleading the particular cause of the accident in no way loses his right to rely thereon.' (Authorities)."

And such an eminent authority as the United States Court of Appeals for the Second Circuit, in an opinion by Judge Clark, referring to the settled rule in Connecticut, says that it is in accord with the better authorities. *Remer* v. *Flying Eagle Whiteway Lines*, 172 F. 2d 831 (C.A. 2d 1949).

Indeed, it is not in keeping with the modern tendency of the courts to do substantial justice despite technicalities to the contrary, to refuse to apply the doctrine of *res ipsa loquitur* merely because the plaintiff alleged in his complaint specific acts of negligence which he later attempted but was unable to prove, due precisely to the inexplicable way the accident occurred.

The fallacy of the rule applied by the lower court is manifest. It is based on the fiction that the plaintiff was aware of the cause of the accident and therefore the doctrine of *res ipsa loquitur* may not be applied. But fiction must yield to reality and if from the evidence it appears that the doctrine applies and that due to the circumstances under which the accident occurred, the plaintiff cannot really prove the specific acts of negligence which he alleged, the failure to apply the doctrine is clearly unfair.

In the present case the automobile was parked to the right, toward Santurce; at that place the highway is straight and wide enough to accommodate three automobiles at the same time; no other vehicle passed at the very moment in which the accident occurred; and the lights of the truck parked in the direction of Río Piedras must have been visible to the Chevrolet truck which was coming from that city. Un-

der those circumstances, in the absence of contributory negligence on the part of the plaintiff, as shown by the proved facts, and following here the rule that pleading specific acts of negligence does not preclude application of the doctrine of *res ipsa loquitur* so long as the plaintiff does not show that it was not through his negligence that the accident occurred, the presumption of negligence which said doctrine entails prevails against him.

The lower court therefore erred in granting the motion for nonsuit and in dismissing the complaint.

For the foregoing reasons, the judgment will be reversed and the case remanded for further proceedings consistent with the principles set forth in this opinion.[1]

Mr. Justice Snyder did not participate herein.

---

[1] This opinion also disposes of the appeal taken by Luis Angel Ramírez, another of the three injured parties, in which judgment has been entered accordingly.