HENRIETTA RAPP ET AL., RESPONDENTS, v. BUTLER-NEWARK BUS LINE, INCORPORATED, APPELLANT.

Submitted January 28, 1927—Decided August 4, 1927.

1. In an action brought to recover for injuries received by a passenger upon a motor bus, caused by a wheel coming loose and slipping off the axle, the fact that the plaintiffs, in compliance with the defendant's demand, have furnished a bill of particulars of the alleged negligent acts of the defendant, which specified certain specific acts of negligence, is not of itself a bar to the application of the doctrine of *res ipsa loquitur.*

2. When the plaintiff, a passenger upon a motor bus, has proven the reception of injuries through the happening of an accident which would not have occurred except by the operation of abnormal causes, the *onus* rests upon the defendant to prove that the injuries were caused without his fault.

3. When the court charges a jury the substance of a request, it is immaterial whether the language embodied in the request was adopted by the court or not.

On appeal from the Essex County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the appellant, *John A. Laird.*

For the respondents, *John A. Matthews.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The appeal in this case was taken by the defendant from a judgment entered upon a verdict rendered against it. The appeal was dismissed by this court for the following reasons: The state of the case showed that the defendant had been allowed a rule to show cause why the verdict rendered against it should not be set aside, and that, after argument, the rule was discharged. The state of the case, however, failed to show that the rule contained a reservation of any exceptions, and the appeal was, for this reason, dismissed. On an application to reinstate the appeal, counsel satisfied the court that the exceptions which he desired to argue on this appeal were, in fact, reserved, and, for this reason, the appeal has been reinstated.

This action was brought by the plaintiffs, Henrietta Rapp and her husband, to recover compensation for injuries received by her while traveling as a passenger on a bus owned and operated by the defendant, and the expenses and loss of services incurred by the husband by reason thereof. These injuries were the result of the coming loose of the right rear wheel of the bus from the axle to which it had been attached, and its slipping off the axle, thus permitting the axle itself to go through the side of the bus and strike the plaintiff.

The first ground upon which we are asked to reverse this judgment is directed at the refusal of the trial court to grant

the defendant's motion for a nonsuit at the close of the plaintiff's case. The ground upon which the motion was based was that the plaintiffs, upon the demand of the defendant, had submitted a bill of particulars of the alleged negligent acts of the defendant which were the producing cause of the injuries, and that there had been no proof indicating any such negligence on the part of the defendant.

The statement in the bill of particulars was that the bus in which Mrs. Rapp was riding was not in proper condition; that some of the attachments which held on the rear right wheel of the bus were not properly fastened or adjusted to the axle, and that, as the result thereof, the wheel became loose from the axle; that the defendant did not keep this mechanism which attached the wheel to the axle in proper condition, and did not properly supervise the connection between it and the axle, and did not make a proper inspection of the said bus to keep it in a condition suitable and safe for the passengers who were riding thereon. The primary cause of the accident, i. e., the wheel coming loose from the axle, as appears in the statement of the facts above set out, is clearly indicated in the bill of particulars.

It is argued, however, that the nonsuit should have been granted because the accident did not itself speak negligence on the part of the defendant; and, further, that the doctrine of *res ipsa loquitur* had been abandoned by the plaintiffs by alleging in their bill of particulars specific acts of negligence. We think that these contentions are without merit. As to the last contention: The bill of particulars was furnished to the defendant in compliance with its demand for such specification. The theory that a defendant, by the making of such a demand, can deprive a plaintiff of the protection afforded by the doctrine of *res ipsa loquitur* seems to us to be absolutely without any basis to rest upon. If it be sound, then counsel has discovered a method of entirely abrogating this doctrine; for it can readily be imagined that in all actions of this kind hereafter brought the course of procedure adopted in the present case would be followed.

As to the claim that the doctrine of *res ipsa loquitur* has no application to this particular action, it is enough to say

that it is in entire disregard of the earlier decisions of our courts. In the case of *Mumma* v. *Easton and Amboy Railroad Co.,* 73 *N. J. L.* 653, 658, it is said that the underlying principle of this maxim "is that when, through any instrumentality or agency under the management or control of a defendant or his servants, there is an occurrence, injurious to the plaintiff, which, in the ordinary course of things, would not take place if the person in control was exercising due care, the occurrence itself, in the absence of explanation by the defendant, affords *prima facie* evidence that there was want of due care." Many of our earlier cases enforcing this doctrine are cited in the opinion. It is a matter of common knowledge that a jitney bus, when run with due care and kept in proper condition, will carry its passengers safely; and when the plaintiff, being a passenger, has proved the reception of injuries through the happening of an accident which would not have occurred except by the operation of abnormal causes, the *onus* then rests upon the defendant to prove that the injuries were caused without his fault. *Bergen County Traction Co.* v. *Demarest,* 62 *N. J. L.* 755, 758.

We conclude, therefore, that the motion to nonsuit was properly refused, and that the motion to direct a verdict, based upon the same ground (and which was made the second ground for reversal), was also properly refused.

The next contention is that the trial court committed error in declining to permit the defendant to prove the general reputation of the manufacturer of the bus; and in charging the jury that it could not take this reputation into consideration, and in declining to charge that the appellant had a right to rely on the experience and reputation of the manufacturer in its selection of a suitable vehicle. We think the trial court was justified in its action with relation to the exclusion of the evidence, and in its charge to the jury upon this question, and in its refusal to charge the request of the appellant. And for this reason: There was no contention on the part of the plaintiffs that the manufacturer of the bus was not of good repute, so far as the construction of the vehicles turned out by it was concerned, the sole contention on their part being that the accident occurred through the

negligence of the defendant in not keeping the bus in proper repair and in failing to make proper inspection. The testimony as to the character or reputation of the manufacturer, therefore, was entirely without the issue made by the pleadings.

It is further argued that the judgment should be reversed because of the refusal of the court to charge the following request submitted by the defendant: "A verdict in favor of the defendant does not preclude the plaintiff from a recovery for her injuries, as she has a right to institute suit against the manufacturer." The impropriety of such an instruction, if the request had been granted, seems to us apparent. The right of the plaintiffs to recover against the defendant had no relevancy as to their right of action against a third person. If the proofs showed liability on the part of the defendant, they were entitled to a verdict against the latter, and that right was not affected in the slightest degree by an alleged right to institute suit against the manufacturer.

Lastly, it is contended that the trial court committed prejudicial error in failing to charge the following request: "The plaintiffs to succeed must show by evidence not only such circumstances as would justify the inference of the defendant's negligence, but would exclude the idea that the accident was due to a cause with which the defendant was unconnected." A careful examination of the charge as delivered satisfies us that this request was charged in substance. This being so, it is, of course, immaterial whether or not the language embodied in the request was adopted by the court in the charge or was not.

For the reasons indicated, we conclude that the judgment under review should be affirmed.