GEORGE ROGERS, APPELLANT, v. NEW YORK CENTRAL RAILROAD COMPANY, A CORPORATION, RESPONDENT.

Submitted October 11, 1929—Decided May 19, 1930.

For the appellant, *Alexander Simpson*.

For the respondent, *Wall, Haight, Carey & Hartpence*.

The opinion of the court was delivered by

TRENCHARD, J.   This is the appeal of the plaintiff below from a judgment entered upon a verdict directed for the defendant in the Hudson County Circuit Court.

At the trial it appeared and was undisputed that the plaintiff was a passenger on defendant's train leaving the Grand Central Station, New York City, for Albany, at eight-five P. M., on January 23d, 1927.   It also appeared and was undisputed that he was injured while boarding a car of that train at the Grand Central Station.

He brought this suit to recover compensation for such injuries.   He averred in his complaint that the passageway or connecting plate of the car was in such a defective and unsafe condition that, while he was going from the station platform into the car, part of the connecting plate gave way and he was thereby caused to fall and was injured.

The motion for a direction of a verdict for the defendant, which was granted, was based upon the contention that "no negligence has been shown."

We think that the evidence opened the way to the jury to infer negligence if they saw fit to do so.

A common carrier is bound to use a high degree of care to protect its passengers from danger that foresight can anticipate.   *Rivers* v. *Pennsylvania Railroad Co.*, 83 *N. J. L.* 513; *McBride* v. *Pennsylvania Railroad Co.*, 99 *Id.* 464.   The testimony, while very meagre, certainly tended to show that the defendant failed in the performance of that duty.   The plaintiff testified that, immediately following a friend, he stepped off the station platform (which was level with the vestibule floor of the car) on to the trap door which formed apparently a safe part of the vestibule floor, when the trap door "went down" and he "was thrown on the steps" below and was thus injured.   That testimony made a *prima facie* case in plaintiff's favor.   The defendant seems to argue that the testimony

that the "trap door went down" could not be believed in view of the circumstances of the case. But, of course, that question was for the jury. When, as here, a passenger shows that he was injured through some defect in the appliances of the carrier, "which might have been prevented by due care, *then the jury have the right to infer negligence, unless the carrier proves that due care was exercised." Whalen v. Consolidated Traction Co.,* 61 *Id.* 606. The defendant offered no testimony as to the cause or manner of the accident. It did, however, undertake to prove that due care was exercised by way of inspection. The testimony was that of the car inspector of the defendant, who testified in effect that from five to eight hours before the accident he inspected the train and the "trap doors were o. k.," and the "brackets," without whose support the trap doors would fall down, were in good condition. But under that testimony, in view of the testimony of the plaintiff to the contrary which the jury had a right to believe if they saw fit, it was for the jury to say whether that inspection was such as was required by the high degree of care which the carrier was bound to exercise in the circumstances. It is therefore apparent that the question of defendant's negligence was for the jury, and that the direction of the verdict for the defendant was erroneous.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.