MARY A. KING AND WILLIAM F. KING, PLAINTIFFS-RESPONDENTS, v. SAMUEL STEGLITZ AND JOHN MORRISON, DEFENDANTS-APPELLANTS.

Submitted February 17, 1933—Decided April 28, 1933.

12

For the appellants, *David E. Feldman.*

For the respondents, *Edward A. Markley.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment of the Supreme Court, Hudson Circuit, and it appears to us to be without substantial legal merit.

The plaintiff, Mary A. King, was a passenger in a taxicab known as the Twentieth Century Cab, owned and controlled by the defendant-appellant Samuel Steglitz and operated by the defendant John Morrison.

This cab was proceeding northerly on Roseville avenue, Newark, and as it was crossing the intersection of that avenue with Seventh avenue a collision took place between it and another taxicab known as a Yellow Cab which was proceeding easterly along Seventh avenue.

The impact caused the cab in which Mrs. King was the passenger to overturn and she was injured.

This occurrence took place May 27th, 1931.

Mrs. King and her husband received from the Yellow Cab, Incorporated, $3,500, and on January 28th, 1932, executed to that company a covenant not to sue and subsequently brought an action against these appellants resulting in a verdict in favor of Mrs. King for $4,000 and her husband for $3,500, which latter was reduced to $2,500. From the judgments entered for these amounts the defendants below appeal.

The first ground urged is that there was error in refusing to nonsuit and direct a verdict in favor of the appellants, because no negligence was established against them and that

the sole cause of the happening was the negligence of the driver of the Yellow Cab.

Upon the merits, these actions of the trial court were not erroneous because the proofs were unquestionably such as to require the submission of this question to the jury.

And here it must be said that in considering the proofs it is necessary to keep in mind that the relationship of passenger and carrier for hire existing between Mrs. King and the owner of the cab in which she was riding called for the exercise of a high degree of care by the latter toward her while the fact that both cabs were users of public highways called for the exercise of reasonable care only as between themselves as such users.

It is with much reluctance that we have referred to this question because these grounds of appeal are not properly before us. After verdict the defendants-appellants had a rule to show cause why the verdicts should not be set aside. The record before us does not show the reasons assigned and argued under this rule but a rule of the trial judge under date of July 1st, 1932, conclusively shows that the reasons urged were "that the verdict was against the weight of the evidence on liability of the defendants, that the verdict was excessive and that the verdict was contrary to the charge of the trial judge and contrary to the law."

Such rule also contains the following: "And the court having concluded that said verdict was not against the weight of the evidence and was not contrary to the charge and not contrary to law * * *."

This brings these grounds of appeal squarely within the rule laid down in *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497, and restated by this court continuously.

The second point is that "the trial court's denial of a new trial upon the defendants' rule to show cause why the verdict should not be set aside" was an abuse of discretion.

Appellants argue that since, as they view it, the evidence of negligence was overwhelmingly in favor of establishing the sole negligence to have been that of the operator of the Yellow Cab and that the verdicts were grossly excessive it can

and must be said there was an abuse of discretion of the trial judge hearing the rule because he did not reach such a conclusion and direct a new trial.

Such a contention is without legal support. If it were sound the conclusion reached under every such rule to show cause would be open to review, which, of course, is not so.

The third point is that the trial court erred in refusing to grant leave to the appellants to amend their answer by pleading a release.

We find no error in this direction.

Leave to amend rests in the sound discretion of the court and unless there is an abuse of discretion refusal to grant leave is not reviewable as error. It cannot be said that here there was an abuse of discretion.

The application was not made until well along in the second day of the trial and close to the close of taking testimony, although the attorney for the defendants had become aware of the payment or settlement with the Yellow Cab, Incorporated, at the latest, through such a statement being made by the attorney for the plaintiffs in his opening of the case. The application should have been made promptly but was not.

Further, appellants were not injured by the trial court's action because the paper in question is not a release but a covenant not to sue. A reading of it, as it appears in the state of case, makes this, at once, apparent, and therefore it could not have been pleaded in bar of the action against the appellant.

The final point is that the trial court erred in admitting the testimony of the husband, William F. King, concerning what was paid for maid service because "it was improper testimony of damages and because there was no proof of the reasonableness of the amount paid."

This is not raised by any sufficient and proper ground of appeal. No citation of authority will be undertaken; they are numerous, well known and often repeated.

Further, the reason or ground of objection lodged against the question is not the reason now urged.

The question was, "now, then, what did you pay for maid

services?" The question was objected to without a statement of any ground or reason. Upon inquiry by the court as to why objection was made the attorney for appellants replied, "on the ground it is not the best evidence."

It is obvious that this ground was without force and substance and equally obvious that it is not the ground now being attempted to be argued.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.