JACK GLICKEN, PLAINTIFF-APPELLANT, v. LOUIS I. BERGMAN, DEFENDANT-RESPONDENT.

Submitted June 2, 1936—Decided October 2, 1936.

For the plaintiff-appellant, *Silber & Silber.*

For the defendant-respondent, *Chesler W. Rothfuss.*

The opinion of the court was delivered by

RAFFERTY, J.  This is an appeal from a judgment entered upon a verdict directed in favor of respondent in the Essex County Circuit Court.

The action is based upon injuries alleged to have been sustained by appellant because of the negligent operation of an automobile owned and operated by respondent while appellant was a passenger therein at the invitation and request of respondent.

At the close of appellant's case respondent offered medical testimony only and rested.  Respondent then moved for direc-

tion of verdict on the ground that no proof of any negligence had been made by appellant. After argument by counsel, the court granted the motion for direction of verdict. Exception to this action by the trial court being properly taken the sole ground of appeal assigned is that the trial court erred in directing a verdict in favor of the defendant (respondent) and against the plaintiff (appellant).

Appellant, a midget, professionally employed, and respondent had attended an affair at a club of which respondent was a member. As respondent was leaving the club, after midnight, he invited appellant to go along with him. Appellant agreed and was seated in the back of the automobile when the occurrence, described in the testimony given below, happened. Appellant was thrown from the rear seat of the automobile against the back of the front seat and sustained certain injuries.

The only testimony offered as to the alleged negligence of respondent was that given by appellant himself, pertinent parts of which are as follows:

"*Q.* What happened? *A.* Well, we were driving not very fast but all of a sudden the car went over something. I don't know what happened, and I went flying toward something and you know I got hit, so what happened I don't remember."

\*    \*    \*    \*    \*    \*    \*

"*Q.* What did he [respondent] tell you happened? *A.* Well, it happened how he went over the bump; after he went over it, why he put the brakes on. *Q.* What else? *A.* And come to a sudden stop."

\*    \*    \*    \*    \*    \*    \*

"*Q.* What did he [respondent] tell you as to how it happened? *A.* He came to a sudden stop, put the brakes on after he went over it. *Q.* After he went over what? *A.* Over that there bump or what—that bum street—he came to a sudden stop, and he took me home."

\*    \*    \*    \*    \*    \*    \*

Appellant urges that, under the maxim of *res ipsa loquitur,* this testimony established a *prima facie* case calling upon respondent to go forward with the evidence in explanation or defense of the matter and that a question of fact as to the

exercise of reasonable care by respondent, sufficient to be submitted to the consideration of the jury, was raised.

It is the general rule that negligence or want of due care in the defendant will not be presumed, but is a fact which must be shown. The presumption is always against negligence. *McCombe* v. *Public Service Railway Co.*, 95 *N. J. L.* 187, and the burden of proving the charge of negligence contained in the complaint is upon plaintiff and must be sustained either by proof of some negligent act, or by a proof of circumstances from which defendant's want of due care is a legitimate inference. It was a substantial right of defendant that plaintiff be required to bear this burden. *Bien* v. *Unger*, 64 *Id.* 596.

The rule under which the maxim *res ipsa loquitur* will be applied in this state is set forth in *Smith* v. *Kirby*, 115 *N. J. L.* 225, as follows:

"Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

The doctrine of *res ipsa loquitur* has been discussed by this court in numerous cases and has been applied in varying circumstances. The unexplained presence upon the public highway of a "runaway motor truck" moving along the highway to the far side thereof, mounting the curb and causing damage, was deemed to raise a *prima facie* presumption of negligence on the part of the owner. *Sheridan* v. *Arrow Sanitary Laundry Co.*, 105 *N. J. L.* 608. Where an automobile traveling along the highway at twenty-five to thirty miles per hour left the highway and struck a tree on the side of the road, it was held that this *prima facie*, resulted from negligence of the owner of the automobile and justified the application of the maxim *res ipsa loquitur*. *Smith* v. *Kirby, supra.* Other familiar examples of the application of the maxim are found in the typical cases of a brick or bolt falling from a building or other construction : the falling of a skylight from the position to which it was fastened in the structure; injury occur-

ring to a passenger because of the derailment of a railroad car, the sudden stopping of a railroad car, the wash from a transport boat striking the deck of a ferry boat, etc.

The presumption of negligence as implied in the application of the maxim, is an exception to the general rule before stated and has been given effect in the absence of that degree of proof ordinarily required to make out a *prima facie* case only where the instrumentality alleged to have caused the damage has been under the management of defendant and the means of explanation of the accident has been peculiarly within the opportunity of the defendant.

In the instant case, we were informed only that the automobile "went over the bump; and after he went over it, why, he put the brakes on." "And came to a sudden stop."

It is immediately apparent that the situation here differs from that in *Sheridan* v. *Arrow, &c., supra,* and *Smith* v. *Kirby, supra.* In the cited cases the inference of negligence in the defendant was palpable. How the motor truck in the Sheridan case became a "runaway" and why it was unattended were questions that plaintiff could not reasonably be called upon to answer. It was the duty of defendant to explain. Similarly as to the cause of the automobile leaving the highway in the Smith v. Kirby case.

In the case at bar, it was reasonably within the opportunity of plaintiff to determine what "the bump" over which the car passed actually was. The roadway was public and, it is to be presumed, continued in existence after the occurrence of the accident. Plaintiff might have repaired to the scene of the accident within a reasonable time after being treated for his injuries to determine whether "the bump" was such an obstruction or depression in the roadway as defendant might have or, in the exercise of due care, should have observed. There is no proof as to the negligent or careless application of brakes. Such proof, if available, was also reasonably within the opportunity of plaintiff. Plaintiff might have described the action of defendant in applying the brakes, whether the application was of a hand brake or foot brake, whether it was swiftly done, whether there was screeching of brakes and other evidences of negligent application that may ordinarily be

observed in such a situation. It is when such opportunity is not available to the plaintiff that the exception to the general rule, will be applied.

In the instant case, as the matter rested when the motion for directon of verdict was made, there was no direct proof to warrant the conclusion that respondent was negligent or failed to observe any duty owed to appellant. There was no circumstance from which an inference of want of due care could be drawn that would not also afford the inference that respondent operated the automobile with that degree of care demanded of him.

We conclude that the doctrine of *res ipsa loquitur* does not apply in this case and that the action of the trial court in directing the verdict was correct.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, LLOYD, CASE, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 11.

*For reversal*—THE CHIEF JUSTICE, PARKER, BODINE, HEHER, JJ. 4.