8 N.J. Super. 168 (1950)
73 A.2d 744
ROBERTS ELECTRIC, INC., PLAINTIFF-RESPONDENT,
v.
FOUNDATIONS & EXCAVATIONS, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1950.
Decided June 1, 1950.
*169 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. W. Thomas McGann argued the cause for appellant.
Mr. Martin F. McKernan argued the cause for respondent.
The opinion of the court was delivered by COLIE, J.A.D.
Roberts Electric, Inc., instituted suit against Foundations & Excavations, Inc., alleging that it contracted with the defendant to perform electrical work on a garage of Public Service Interstate Transportation Company at an agreed price of $3,520, payable monthly as work progressed. The complaint alleged that there was due and unpaid $1,060 for labor and materials furnished in the months of May, June and July, 1948, and also a claim for loss of *170 profits amounting to $850. The defendant was the general contractor on the Public Service job, the plaintiff a subcontractor. The plaintiff filed a stop notice with the Public Service in the amount of $1,064. The defendant filed an answer denying that there was anything due and incorporated a counterclaim for $2,342.76, the cost to the defendant of completing in a workmanlike manner the services which plaintiff failed to perform. After the pretrial conference an order was entered limiting the issues as follows:
"Plaintiff alleges that the defendant engaged him to do certain electrical work. Plaintiff started to do the work and under the contract was to submit monthly bills as the work was completed. Plaintiff submitted bills and the defendant failed to pay. Plaintiff stopped work. Plaintiff sues for $1,914.00.
"Defendant alleges the plaintiff was guilty of faulty performance, and that it was not in keeping with the contract; that plaintiff was guilty of breach of contract.
"Defendant denies the allegations of the plaintiff.
"Defendant files counterclaim to recover the cost of completing the job started by the plaintiff. That total cost of completing the job over and above the money already paid to the plaintiff was $4,912.36 which exceeded the amount of the contract with the plaintiff by the sum of $2,342.76."
The case was tried and the jury returned a verdict in favor of the plaintiff for $1,737.32 from which judgment this appeal is taken.
Four grounds are advanced why the judgment should be reversed. The first ground has to do with the action of the court in permitting an amendment to the pretrial order to include an item of $106 for work said to have been performed by the plaintiff in August, 1948. The complaint filed in the cause limited the period for which recovery was sought to the months of May, June and July. At the trial, however, the plaintiff's witness, Hosey, was asked the amount of the bill for August. Objection was made on the ground of surprise but after a colloquy between counsel and the defendant's attorney, the latter requested and was granted a recess to discuss the matter with his client and then reported that certain records had been sent for and expressed the hope that *171 the court would bear with him if there was delay in their arriving at court. So far as the record indicates, need did not arise to seek the court's forbearance and the trial proceeded without objection. Rule 3:16 provides that a pretrial order "controls the subsequent course of action, unless modified at the trial to prevent manifest injustice." Rule 3:15-2 allows amendment of pleadings freely to subserve presentation of the merits in the absence of satisfying the court that such amendment would prejudice the objecting party. In the instant case the defendant made no showing of prejudice. We discern no error in the action complained of and point out that we have in mind the holding in Jenkins v. Devine Foods, Inc., 3 N.J. 450 (Sup. Ct. 1950). That case is distinguishable in that the pretrial order "was not modified either before or during the trial, and consequently controlled the course of the trial." In the instant case, the modification took place during the trial and thereafter the cause proceeded without objection from defendant's counsel. The departure from the pretrial order was not done by indirection as in Jenkins v. Devine, supra.
It is next argued that since plaintiff had served a stop notice under which its claim against the owner, if established by judgment against the defendant, was limited to $1,064, it was error to permit the plaintiff to include a claim for loss of profits. This argument loses sight of the fact that the suit was one for damages against the defendant for breach of contract. Among the damages recoverable, if established by adequate proof, was loss of profits. The fact that the plaintiff saw fit to serve a stop notice against the owner of the property does not limit his recovery against the defendant to the sums stated in the stop notice. In Friedman v. Stein, 4 N.J. 34 (1950), it was pointed out that the statutory lien is separate and distinct from the underlying debt, the lien affording a cumulative remedy for the enforcement of the debt. Stop notices exist only by virtue of the Mechanic's Lien statute, and we think that what was said in the Friedman case is equally applicable to them.
*172 The next two points upon which appellant seeks a reversal are (1) that the verdict was against the weight of the evidence and (2) that the remarks of the trial court were highly prejudicial. As to the weight of evidence we are not prepared to say that the jury's finding was necessarily the result of passion, prejudice or mistake, although the question is a close one. The plaintiff produced a single witness who admitted that in several respects the work did not conform with the specifications. The defendant produced five witnesses whose combined testimony made a strong case for the defendant. We now pass to the remarks of the court alleged to be prejudicial. It is settled that in the absence of a motion for a mistrial or a request that the jury be instructed to disregard prejudicial remarks by the court, there is no ground of appeal. Masi v. Mestice, 4 N.J. Super. 452 (App. Div. 1949). The record does not show either a motion for mistrial or a request that the court instruct the jury to disregard his remarks. In the absence thereof, there is no valid ground of appeal.
The judgment is affirmed.