63 N.J. Super. 206 (1960)
164 A.2d 353
THERESA C. GAGLIO AND CHARLES GAGLIO, PLAINTIFFS-RESPONDENTS,
v.
YELLOW CAB COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 19, 1960.
Decided October 11, 1960.
*208 Before Judges GOLDMANN, FREUND and KILKENNY.
*209 Mr. Meyer L. Sakin argued the cause for the defendant-appellant.
Mr. Samuel L. Supnick argued the cause for the plaintiffs-respondents.
The opinion of the court was delivered by KILKENNY, J.A.D.
This is an appeal from a judgment in favor of plaintiffs, following a jury verdict allowing $12,000 to the female plaintiff for her personal injuries and $2,500 in favor of her husband, per quod.
The female plaintiff was a passenger in defendant's taxicab, operated by its agent, Collins. As the cab was turning left from Mechanic Street into 7th Street in Camden, something happened to the left front wheel, causing the cab to come to an abrupt stop. The female plaintiff, who had been sitting in the rear of the taxi, was subjected to a violent jolt. She hit her head on the ceiling of the vehicle and injured her back and left shoulder. Examination of the cab at the scene revealed that the left front wheel was tilted at a 30 to 45 degree angle, with the top pointed in toward the cab and the bottom extended outwards.
Plaintiffs' negligence action was rested on the doctrine of res ipsa loquitur. That this procedural rule of evidence was appropriate here seems clear, since the facts brought the case within the requirements of the rule, as set forth in Kahalili v. Rosecliff Realty, Inc., 26 N.J. 595, 606 (1958). Those requirements are: "(a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect."
Defendant's contention that the taxicab was not in its exclusive control is without merit. It relies upon such cases as Glicken v. Bergman, 117 N.J.L. 306 (E. & A. 1936), but they are clearly distinguishable. In the Glicken case, the injury was sustained when defendant's vehicle passed over a "bump" in the road. Plaintiff could have ascertained the *210 nature of that bump, as readily as could the defendant. The bump was outside the vehicle and thus not within defendant's exclusive control. Here, the alleged negligence is insufficient or improper maintenance and inspection of the cab, matters within the exclusive control of the defendant. Hughes v. Atlantic City & S.R. Co., 85 N.J.L. 212 (E. & A. 1914).
While accidents caused by the mere blowout of a tire are generally held to be outside the rule of res ipsa loquitur, see Annotation, 24 A.L.R. 161, 163 (1952), since reasonably prudent persons experience tire blowouts, courts have not hesitated to invoke the doctrine in cases of accidents resulting from defective or detached wheels. In Gates v. Crane Co., 107 Conn. 201, 139 A. 782 (Sup. Ct. Err. 1928), the doctrine was applied when plaintiff, a pedestrian, was struck by a wheel which suddenly became detached from an automobile and rolled on the sidewalk. In Fenstermacher v. Johnson, 138 Cal. App. 691, 32 P.2d 1106 (Ct. App. 1934), res ipsa loquitur was applied to facts showing plaintiff, a passenger in defendant's automobile, was injured when the car overturned due to the buckling or collapsing of the wheel or the frame. See in our own State, Rapp v. Butler-Newark Bus Line, Inc., 103 N.J.L. 512 (Sup. Ct. 1927), and Mumma v. Easton & Amboy R.R. Co., 73 N.J.L. 653 (E. & A. 1905).
When the doctrine of res ipsa loquitur is invoked, it does not create any presumption of negligence against the defendant. It merely enables the plaintiff to avoid a dismissal for failure to prove negligence specifically, and permits the jury to draw an inference of negligence, which it may, as trier of facts, draw or not draw. The burden of proving the defendant's negligence still remains with the plaintiff, so that invocation of the res ipa loquitur doctrine does not shift the burden to the defendant of showing that the accident happened without his fault. In practical effect, there is cast upon the defendant the burden of going forward with some explanation to offset the inference of negligence which the jury might more readily draw without such an explanation.
*211 The trial judge charged the jury fully and correctly as to the meaning and effect of this procedural doctrine, but also made the following charge requested by the plaintiffs:
"It is a matter of common knowledge that a taxicab when run with due care and kept in proper condition will carry its passengers safely; and when the plaintiff, being a passenger, has proved the reception of injuries through the happening of an accident which would not have occurred except by the operation of abnormal causes, the onus then rests upon the defendant to prove that the injuries were caused without his fault." (Emphasis supplied)
That quotation was borrowed almost verbatim from Rapp v. Butler-Newark Bus Line, Inc., supra, 103 N.J.L., at page 515. Insofar as it implies that the "onus probandi," or burden of proof is shifted to the defendant to prove that the injuries were caused without his fault, it is an erroneous statement of the rule in a res ipsa loquitur case. As pointed out in Bornstein v. Metropolitan Bottling Co., 26 N.J. 263 (1958), it is now beyond question in this State that this doctrine does not shift the ultimate burden of proof or persuasion, and to so charge is reversible error. It is also objectionable in its incorporation of the words "except by the operation of abnormal causes."
While the defendant urges error in the quotation from the charge as a basis for reversal, it must be noted that no objection was made thereto at the trial. Not having objected, it comes too late to complain of the error on appeal, in the absence of a showing of "plain error" prejudicial to the party's fundamental rights. An examination of the charge, as a whole, indicates that the jury was probably not misled, because the court had otherwise repeatedly made it abundantly clear that the doctrine of res ipsa loquitur created only a permissible inference of negligence, and that the ultimate burden of proving defendant's negligence was on the plaintiff.
We find no merit in the defendant's argument that the court erred in charging the jury that the defendant, as a common carrier, owed the plaintiff, its passenger, a "high *212 degree of care," not only in the operation of the taxicab, but also in inspecting and maintaining the same. This was a correct statement of the duty of common carriers. Rivers v. Pennsylvania R. Co., 83 N.J.L. 513, 515 (E. & A. 1912); Rogers v. New York Central R. Co., 106 N.J.L. 394 (E. & A. 1930); King v. Steglitz, 111 N.J.L. 11 (E. & A. 1933); Harpell v. Public Service Co-ordinated Transport, 35 N.J. Super. 354 (App. Div. 1955), affirmed 20 N.J. 309 (1956); Durfey v. Milligan, 265 Mich. 97, 251 N.W. 356 (Sup. Ct. 1933).
The defendant's contention, as set forth in the pre-trial order, as to its nonliability, was that "the left front of the cab, to wit, the part of the frame had broken off at the ball joint, which caused the wheel to drop to the ground." This raised the issue of no negligence on its part, or that the plaintiff's injuries were the result of an unavoidable accident. The common carrier is not an insurer of the safety of its passengers. It is not liable for mechanical defects of which it had no prior knowledge, or which could not be discovered despite a high degree of care in inspection and maintenance.
Unfortunately, the reason for the front wheel's dropping, as specified in the pretrial order, was not precisely correct, as defendant's witnesses freely admitted when they testified in defense. The "frame" had not broken off at all. There was nothing wrong with the frame. Their testimony at the trial was that "the ball joint had broken off at the spindle." While the break was in the same general area of the left front wheel and caused its dropping, there was a factual deviation between the allegation in the pretrial order that "the frame had broken off at the ball joint," and the trial testimony that "the ball joint had broken off at the spindle." Upon motion by plaintiffs' attorney, the court below ordered stricken from the record the testimony of defendant's witnesses that the ball joint had broken off at the spindle, instructed the jury in its charge to disregard this explanation, and advised the jury that, as a result, the defendant had offered no explanation *213 to offset the permissible inference of negligence, which they might draw under the res ipsa loquitur doctrine. The court's action was undoubtedly prompted by the fact that this deviation from the pretrial order occurred almost at the end of the trial, without any notice or forewarning to the court or plaintiffs' attorney, constituted surprise to plaintiffs' attorney, was a matter that was probably known well in advance of the trial, and there was no suggestion by defense counsel at the time of the trial objection that the changed information was only belatedly received by him. On oral argument of the appeal, defendant's attorney stated that he did not know of the change before the testimony was given. Defendant's attorney asked for leave to amend the pleadings and pretrial order to conform with the proofs, but the motion was denied. We are asked to determine whether the action taken by the trial court under the circumstances constituted such an abuse of trial discretion as to warrant a reversal and remand for a new trial.
R.R. 4:29-1(b) makes the pretrial order controlling at the trial. However, R.R. 4:15-2 provides that if the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings and the pre-trial order, the court may allow the pleadings and the pre-trial order to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. Roberts Electric, Inc. v. Foundations, etc., Inc., 8 N.J. Super. 168 (App. Div. 1950); Zell v. Borough of Roseland, 42 N.J. Super. 75 (App. Div. 1956); Christiansen v. Christiansen, 46 N.J. Super. 101, 107 (App. Div. 1957); Farber v. Margolin, 46 N.J. Super. 557 (App. Div. 1957). The court may grant a continuance to offset a claim of surprise.
Plaintiffs' attorney had an expert in court, who was prepared, presumably, to rebut defense testimony, if offered, that the "frame had broken off at the ball joint." But when *214 the new fact was asserted late in the trial that it was the ball joint that was broken, it is reasonable to concede and find, as did the trial judge, that there was surprise. But surprise alone is not enough. Prejudice must appear. So, the question remains as to whether the trial judge, in the exercise of sound discretion, was justified in striking out the testimony already in, which the jury had heard, or should have allowed the requested amendment of the pretrial order and, if necessary, a continuance, if plaintiffs' attorney wanted one to meet the new factual assertion.
Certainly, the course pursued was most prejudicial to the defendant and prevented a trial on the merits on the only ground upon which the defendant might rely to avoid liability, namely, unavoidable accident. Coupled with the fact that the court refused defendant's requests to charge that unavoidable accident was a defense and the difference between latent and patent defects, because defendant's explanation had been stricken, the conclusion seems inescapable that substantial justice may have been interfered with, if not denied. No prejudice would have resulted to plaintiff, if the court allowed amendment of the pretrial order. It could have granted a reasonable continuance until the next day to enable plaintiffs' expert to prepare himself. The attorney for the plaintiffs was certainly not surprised as to the nature of the defense, since unavoidable accident was specifically mentioned in the pretrial order and it was well known that defendant contended that the collapse of the left front wheel was due to a hidden mechanical defect, not discoverable on reasonable inspection. That the particular mechanism was inaccurately described as being the frame "at the ball joint," which had broken off, rather than the "ball joint" itself that had broken off, might well have been stressed on the issue of credibility, but did not justify sending a defendant empty handed before the jury under the circumstances. Hence, we conclude reversible error was committed in the course pursued.
*215 Since the matter must be retried, it becomes unnecessary to pass on the other questions raised on this appeal, such as the alleged excessiveness of the verdict; that the verdict was against the weight of the evidence; and the jury's consideration of Dr. Yaskin's testimony, which was inartistically cast in the form of a permissive "could," rather than the definiteness of a "probably did."
The judgment is reversed and the case is remanded for a new trial.