809 A.2d 812

ROBERT APUZZIO AND DOREEN APUZZIO, HUSBAND AND WIFE, PLAINTIFFS–APPELLANTS, v. J. FEDE TRUCKING, INC., A NEW JERSEY CORPORATION, AND ISRAEL R. BARDEN, SR., AND PASSAIC COUNTY TIRE, INC., DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted October 22, 2002—Decided November 18, 2002.

Before Judges PRESSLER, CIANCIA and AXELRAD.

*Richard A. Pizzi,* attorney for appellants.

*Lenox, Socey, Wilgus, Formidoni, Brown, Giordano & Casey,* attorneys for respondents *J. Fede Trucking, Inc. and Israel Barden, Sr. (James J. Breslin,* on the brief).

*Middleton & Kennedy,* attorneys for respondent *Passaic County Tire, Inc. (Paul S. Kennedy,* on the brief).

The opinion of the court was delivered by

CIANCIA, J.A.D.

The issue presented here is whether the doctrine of *res ipsa loquitur* was available to plaintiffs on facts demonstrating that the vehicle they were in was struck by a wheel that had detached from a passing truck. The trial court in granting summary judgments in favor of defendants believed it was not. We disagree.

On September 3, 1998, Israel Barden was operating a tractor-trailer owned by J. Fede Trucking, Inc., and proceeding eastbound on Interstate 78 when a dual set of wheels on the left side of the tractor dislodged. One of the wheels crossed the median into oncoming traffic and struck plaintiffs' vehicle, which had been traveling westbound on the same roadway.

Four days before, Passaic County Tire, Inc., had replaced two of the tires on the tractor, including the one that struck plaintiffs' vehicle. The wheels had been removed to replace flat tires and then put back on the tractor using an impact wrench. Although the air compressor powering the wrench had a maximum capacity of 160 pounds, it was pumping "a little over 100, about 110" pounds of pressure at that time. There were no spacers between the wheels that became detached on the left side of the tractor, although spacers were present on the right-side wheels. There was evidence that spacers were often placed between wheels of differing metals. Here, one wheel that came off the truck was aluminum while the other was made of steel.

During the intervening days after the wheels were serviced, the truck had been driven for approximately twenty-four to twenty-five hours. At the time of the accident Barden was in transit,

delivering a load of bricks from Maryland to New York. Prior to heading out onto the road that day, Barden stated that he made a pre-trip inspection of the truck, which included an examination of the wheels, tires and lug nuts.

Following the accident, only the wheel that had struck plaintiffs' vehicle was recovered. Examination of the wheel and that portion of the truck on which it had been mounted revealed that the threads on the studs were worn out and stripped, and the holes into which the studs passed were oblong instead of round.

Plaintiffs' complaint against defendants alleged negligent maintenance and operation of the truck. The allegations were detailed in discovery as indicated. The trial judge granted summary judgments to defendants [1] finding no proof of negligence and specifically noting the absence of expert testimony "regarding the causal link between the absence of spacers on the tires and the accident." Application of the doctrine of *res ipsa loquitur* was rejected for two reasons. First, the trial court believed that plaintiffs' advancement of a negligence theory precluded application of the *res ipsa loquitur* doctrine. Second, the trial court found that the truck was not under the exclusive control of any one defendant. In our view, the trial court's analysis of the *res ipsa loquitur* doctrine was overly restrictive.

■ It appears without serious controversy in this State and in other jurisdictions that wheels coming off moving vehicles are a classic occasion for application of the doctrine of *res ipsa loquitur.* In *Rapp v. Butler–Newark Bus Line, Inc.*, 103 *N.J.L.* 512, 138 *A.* 377 (Sup.Ct.1927), a tire came off a moving bus and struck the plaintiff. A claim by defendant that the doctrine of *res ipsa loquitur* did not apply was met with a statement by the court that defendant's position was "in entire disregard of the earlier deci-

---

[1] Fede Trucking and Barden filed the initial motion for summary judgment which was granted before Passaic County Tire moved for summary judgment. The trial court issued a written decision on the first motion and rendered an oral decision on the second.

sions of our courts." *Id.* at 514–515, 138 *A.* 377. The court believed it a matter of common knowledge that such accidents do not occur when due care is exercised. *Ibid.*

In *Gaglio v. Yellow Cab Co.*, 63 *N.J.Super.* 206, 164 *A.*2d 353 (App.Div.1960), a mechanical defect caused a wheel of a taxi to tilt at a thirty to forty-five degree angle causing injury to the passenger. We rejected a claim that *res ipsa loquitur* was inapplicable, stating in part:

> While accidents caused by the mere blowout of a tire are generally held to be outside the rule of *res ipsa loquitur,* see *Annotation,* 24 *A.L.R.*2d 161, 163 (1952), since reasonably prudent persons experience tire blowouts, courts have not hesitated to invoke the doctrine in cases of accidents resulting from defective or detached wheels. In *Gates v. Crane Co.*, 107 *Conn.* 201, 139 *A.* 782 (*Sup.Ct. Err.* 1928), the doctrine was applied when plaintiff, a pedestrian, was struck by a wheel which suddenly became detached from an automobile and rolled on the sidewalk. In *Fenstermacher v. Johnson,* 138 *Cal.App.* 691, 32 *P.*2d 1106 (*Ct.App.* 1934), *res ipsa loquitur* was applied to facts showing plaintiff, a passenger in defendant's automobile, was injured when the car overturned due to the buckling or collapsing of the wheel or the frame. See in our own State, *Rapp v. Butler–Newark Bus Line, Inc.,* 103 *N.J.L.* 512, 138 *A.* 377 (*Sup.Ct.* 1927), and *Mumma v. Easton & Amboy R.R. Co.,* 73 *N.J.L.* 653, 65 *A.* 208 (*E. & A.* 1906).
>
> [*Id.* at 210, 164 *A.*2d 353.]

Cases from around the country are collected in William A. Harrington, Annotation, *Res Ipsa Loquitur as Applied to Accident Resulting From Wheel or Part Thereof Becoming Detached From Motor Vehicle,* 79 *A.L.R.*3d 346 (1977). The overwhelming majority of cases apply the doctrine in the circumstances described.

▓▓▓ The trial court here was troubled by the allegations of negligence that accompanied the claimed application of *res ipsa loquitur.* It is true that at some point the cause of an accident, the operative negligence, will be sufficiently identified so that application of *res ipsa loquitur* becomes inappropriate. The doctrine is an evidential rule used to circumstantially prove the *prima facie* existence of negligence where proof of the specific elements of negligence has not been shown. *Myrlak v. Port Auth.,* 157 *N.J.* 84, 95, 723 *A.*2d 45 (1999); *see Buckelew v. Grossbard,* 87 *N.J.* 512, 525–526, 435 *A.*2d 1150 (1981). Some demonstration or allegation of negligence, however, is not necessarily antithetical to applica-

tion of the doctrine. In *Rapp, supra,* it was argued that the doctrine was not available to plaintiffs because they had alleged specific acts of negligence in their bill of particulars, to wit:

> The statement in the bill of particulars was that the bus in which Mrs. Rapp was riding was not in proper condition; that some of the attachments which held on the rear right wheel of the bus were not properly fastened or adjusted to the axle, and that, as the result thereof, the wheel became loose from the axle; that the defendant did not keep this mechanism which attached the wheel to the axle in proper condition, and did not properly supervise the connection between it and the axle, and did not make a proper inspection of the said bus to keep it in a condition suitable and safe for the passengers who were riding thereon. The primary cause of the accident, i.e., the wheel coming loose from the axle, as appears in the statement of the facts above set out, is clearly indicated in the bill of particulars.
>
> [103 *N.J.L.* at 514, 138 *A.* 377.]

The court rejected defendant's argument stating:

> It is argued, however, that the nonsuit should have been granted because the accident did not itself speak negligence on the part of the defendant; and, further, that the doctrine of *res ipsa loquitur* had been abandoned by the plaintiffs by alleging in their bill of particulars specific acts of negligence. We think that these contentions are without merit. As to the last contention: The bill of particulars was furnished to the defendant in compliance with its demand for such specification. The theory that a defendant, by the making of such a demand, can deprive a plaintiff of the protection afforded by the doctrine of *res ipsa loquitur* seems to us to be absolutely without any basis to rest upon. If it be sound, then counsel has discovered a method of entirely abrogating this doctrine; for it can readily be imagined that in all actions of this kind hereafter brought the course of procedure adopted in the present case would be followed.
>
> [*Ibid.*]

█ Analogously, plaintiffs here provided information concerning possible negligence in compliance with the practice and procedure in pleadings and discovery. On the motion for summary judgment, the trial court found the negligence allegations to be insufficient to raise an issue of material fact, particularly in light of plaintiff's failure to offer any expert opinion. It is anomalous to make such a finding and then reject application of *res ipsa loquitur* because negligent acts were pleaded. Here, the precise cause of the accident was not shown in a manner to preclude application of the doctrine, and certainly not in the context of a motion for summary judgment where the facts are viewed most favorably to the party opposing the motion. *Brill v. Guardian*

*Life Ins. Co. of Am.,* 142 *N.J.* 520, 540, 666 *A.2d* 146 (1995). Plaintiffs showed certain circumstances that may have played a part in the accident—*e.g.,* no spacers between wheels made of two different kinds of metal, tightening the lug nuts with an air wrench that may have been underpowered, and possibly inadequate inspection by the driver of the truck. None of this, however, was so completely explanatory of how the accident occurred as to preclude application of the *res ipsa loquitur* doctrine. *Accord Harless v. Ewing,* 81 *N.M.* 541, 469 *P.2d* 520 (Ct.App.1970) (despite evidence of negligent inspection it could not be said as a matter of law what caused the wheel to come off and the inference of negligence under the doctrine of *res ipsa loquitur* was available to plaintiff); *see also Lambert v. Markley,* 255 *Ark.* 851, 503 *S.W.2d* 162 (1973) (if at the close of the evidence the cause of a set of dual tires becoming detached from a truck's axle did not clearly appear, it was *then* open to plaintiff to argue the *res ipsa* presumption to the jury).

The trial court's other major concern was that aspect of traditional *res ipsa loquitur* analysis requiring the defendant to be in exclusive control of the instrumentality. The short answer to this concern is that the exclusive control requirement has not been interpreted as limiting application of the doctrine only to those situations involving a single defendant. In *Meny v. Carlson,* 6 *N.J.* 82, 77 *A.2d* 245 (1950), plaintiff was injured when a scaffold collapsed. The scaffold had been furnished by defendant Carlson Co. and constructed by defendant Busman & Rosen, Inc. In holding that questions of negligence under the *res ipsa loquitur* doctrine were for the jury, the Court rejected an argument advanced by Busman & Rosen, Inc. that it did not have exclusive control of the scaffolding when plaintiff was injured. The Court stated:

> The fact that the jury determined that both this defendant and the Carlson Company were in control of the scaffold creates no inconsistency. Control might have been in either or both of the defendants; in either case the doctrine of *res ipsa loquitur* was applicable. The word "exclusive" when used to define the nature of the control necessary to invoke the doctrine of *res ipsa loquitur* does not connote that such control must be several and the defendant singular and never

plural. *Schroeder v. City & County Savings Bank of Albany, et al.,* 293 *N.Y.* 370, 57 *N.E.*2d 57 (1944); rehearing denied, 293 *N.Y.* 764, 57 *N.E.*2d 842. See also 65 *C.J. S., Negligence,* § 220(8) *bb, p.* 1018. This philosophy was followed in *Biondini v. Amship Corporation,* 81 *Cal.App.*2d 751, 185 *P.*2d 94 (1947).... Indeed, the courts of this State have decided that an instrumentality causing injury may be in joint control of two defendants in which event the doctrine of *res ipsa loquitur* will apply against both of said defendants. *Smith v. Claude Neon Lights, Inc.,* 110 *N.J.L.* 326, 331, 164 *A.* 423 (*E. & A.* 1932). This principle appears to have been recognized in an opinion by Chief Justice Beasley in *Van Winkle v. American Steam Boiler Co.,* 52 *N.J.L.* 240, 246, 19 *A.* 472 (*Sup.Ct.* 1890). We conclude that in the instant case the question of whether the scaffold was under the control and management of either or both the defendants at the time of the plaintiff's injury was factual and was properly submitted to the jury.

[*Id.* at 93–94, 77 *A.*2d 245.]

In *Allendorf v. Kaiserman Enters.,* 266 *N.J.Super.* 662, 630 *A.*2d 402 (App.Div.1993), plaintiff was injured when an elevator door closed on her. She sued the building owner as well as the elevator maintenance company that had worked on the elevator shortly before the accident. In holding that the jury was properly charged on *res ipsa loquitur,* Judge Skillman quoted *Meny v. Carlson, supra,* and cited other New Jersey cases containing consistent principles. *Id.* at 669, 630 *A.*2d 402. He then added:

If the evidence presents a factual issue as to how an accident occurred, and the *res ipsa loquitur* doctrine would be applicable under only one version of the accident, the court should give a "conditional" *res ipsa loquitur* instruction, under which the jury is directed first to decide how the accident happened and to consider *res ipsa loquitur* only if it finds that the accident occurred in a manner which fits the doctrine. *Terrell v. Lincoln Motel, Inc.,* 183 *N.J.Super.* 55, 59–61, 443 *A.*2d 236 (App.Div.1982).

[*Ibid.*]

Application of the *res ipsa loquitur* doctrine against more than one defendant also occurred in *Maciag v. Strato Med. Corp.,* 274 *N.J.Super.* 447, 644 *A.*2d 647 (App.Div.1994) where physicians, a hospital, and a manufacturer were sued after a catheter fragmented inside plaintiff's decedent. We there spoke of "collective application of *res ipsa loquitur* to all of the defendants." *Id.* at 460, 644 *A.*2d 647. Judge Dreier went on to state:

*Res ipsa loquitur* can be applied against more than one defendant, and in fact upon multiple theories against different defendants. *See Meny v. Carlson,* 6 *N.J.* 82, 94, 77 *A.*2d 245 (1950) (joint control of scaffolding); *Smith v. Claude Neon Lights, Inc.,* 110 *N.J.L.* 326, 331, 164 *A.* 423 (E. & A.1932) (owner of building and

owner and installer of sign that fell); *Allendorf v. Kaiserman Enters.*, 266 *N.J.Super.* 662, 669, 630 *A.2d* 402 (App.Div.1993) (owner of building and company maintaining elevator); *cf. Van Winkle v. American Steam-Boiler Co.*, 52 *N.J.L.* 240, 246, 19 *A.* 472 (Sup.Ct.1890). In *Jakubowski v. Minnesota Mining & Mfg.*, 42 *N.J.* 177, 183, 199 *A.2d* 826 (1964), the Court stated that even if an instrumentality has left the control of the defendant prior to an accident, "the plaintiff may be permitted to invoke the doctrine [of *res ipsa loquitur*] if he introduces evidences that it was not improperly handled by himself or others, or its condition otherwise changed, after control was relinquished by the defendant."
[*Id.* at 460–461, 644 *A.2d* 647.]

Although not a *res ipsa loquitur* case per se, *Nopco Chem. Div. v. Blaw-Knox Co.*, 59 *N.J.* 274, 281 *A.2d* 793 (1971) is closely analogous. There, plaintiff was the recipient of heavy equipment with concealed damage that was discovered only after delivery. Plaintiff sued the manufacturer and all carriers and bailees who had successively, but unconnectedly, handled the equipment. Plaintiff had no way of knowing who caused the damage and the Supreme Court said it was entitled to sue all who had handled the machine. The burden would then shift to defendants to come forward with facts uniquely within their possession. *Id.* at 282–283, 281 *A.2d* 793.

In our view, the same rationale should apply in the present case. Plaintiffs were undeniably without fault. An accident such as this does not normally occur without negligence. Each defendant had an obligation to either service or inspect the tires that came off the axle. Those defendants are in the better position to explain the occurrence. Plaintiff should not be nonsuited on motion for summary judgment merely because they are unable to specifically identify the negligence that apparently caused the accident.

Finally, we address a question of expert testimony, which the trial court found was necessary but lacking. The trial court's rulings in this regard appear primarily directed at plaintiffs' claims of negligence rather than at plaintiffs' assertion of the *res ipsa loquitur* doctrine. We find no error in the trial court's determination that expert testimony was required to advance a claim that the absence of spacers between the wheels constituted

negligence or that use of a somewhat underpowered impact wrench to tighten lug nuts was negligence. We do, however, need to dispel any implication in the court's rulings that expert opinion was necessary in the context of a *res ipsa loquitur* claim.

It is certainly true that some cases may involve machinery or technical matters so complex that expert testimony is necessary in conjunction with the doctrine of *res ipsa loquitur*. The expert testimony is used to "reduce the likelihood of other causes" so that the inference of negligence may be properly drawn. *Jimenez v. GNOC Corp.*, 286 *N.J.Super.* 533, 545, 670 *A.*2d 24 (App.Div.1996) (plaintiff injured by malfunctioning escalator). Here, the mechanism is not so complex. Wheels are mounted on vehicles by tightening lug nuts onto threaded studs. The tandem nature of the wheels adds some degree of complexity, but not enough to mandate that plaintiffs must produce an expert witness before availing themselves of the *res ipsa loquitur* doctrine.

Accordingly, plaintiffs' complaint against all defendants is reinstated so that they may proceed on their claim of *res ipsa loquitur*. The trial court's rulings that plaintiffs' negligence claims based upon the absence of spacers between the wheels or the use of an underpowered impact wrench were legally insufficient in the absence of expert testimony, are affirmed.

Affirmed in part; reversed in part.